Birdie Amsterdam, J.
In this proceeding petitioner seeks an order judicially settling the account it rendered as trustee, and directing it as to whom to pay the share of a deceased remainderman.
The terms of the inter vivos trust provided for income to the settlor for her life, then to her surviving sister for life, and upon her death the principal was to be divided and paid over in prescribed shares to the surviving named beneficiaries. The second life beneficiary died on March 8, 1964, survived by two named beneficiaries, Bessie Alton and Florence Ridgeway. The latter also died on March 8, 1964, several hours after the death of the second life beneficiary. The time of death is not in issue, nor is the value or number of shares belonging to either of the two remaindermen.
On July 11,1968, one year prior to her death, Florence Ridge-way executed an assignment of her interest in the instant trust to the Commissioner of Public Welfare of the County of Westchester. Based upon this assignment, the Commissioner has made claim to the proceeds of the trust in the amount of $26,574.78 in order to recover moneys which he alleges were given in the form of public assistance to the deceased, Florence Ridgeway, over a 20-year period, from February, 1944 through March, 1964.
Attorneys for the estate of Florence Ridgeway oppose the petition, contending that no settlement of the account can be made and the trustee discharged until there is a determination as to the rights of the Commissioner and the estate of Florence Ridgeway. Specifically, the estate argues that with respect to the public assistance received by Florence Ridgeway between February 1, 1944, and March 31, 1954, the claim of the Commissioner for recovery thereof is barred by a 10-year Statute of Limitations (Social Services Law, § 104), and the assignment does not constitute an acknowledgment or revival of that time-barred debt.
But for the assignment, there is little doubt that in an action against the estate, the Commissioner’s recovery would be limited by section 104 of the Social Welfare Law to the cost of the assistance or care rendered to Florence Ridgeway during the 10 years preceding his discovery of this asset. Section 104 creates a cause of action in favor of a public welfare official against a recipient of public assistance for the recovery of moneys expended within a period of 10 years prior to the discovery of assets owned by the recipient. If actual discovery of assets does not occur prior to the death of the recipient, the date of death is taken as the measuring point for purposes of recov *987 ery under section 104 (see Matter of Herman, 43 Misc 2d 309; Matter of Hough, 11 Misc 2d 183). Coincidentally, the recipient herein died on the same day the trust remainder vested indefeasibly in her.
The assignment, prepared by the office of the Commissioner, provided that Florence Ridgeway, in consideration of advances made and to be made, assigned to the Commissioner: “ so much of the income or principal or both of a trust for my benefit, held by the Bank of New York, as Trustees of Harriet L, Alton, as shall equal the cost of public assistance and care granted at any time by the said Commissioner of Public Welfare of the County of Westchester, to me or for my benefit or on account of my liability under the provisions of the Social Welfare Law of the State of New York; and I further authorize and direct the said Trustees of said trust to pay over to the said assignee, or to his successors and assigns, the full amount that may be due for public assistance and care ”.
Initially, it must be ascertained what debt the assignment was intended to satisfy. There is no dispute that it applied to moneys received after the date of the assignment, July 11, 1963. The Commissioner also contends that by its terms the assignment covers the debt incurred during the entire period of public assistance, from 1944 through 1964. In opposition, the estate appears to argue that the debt underlying the assignment is only that amount which would have been legally collectible pursuant to section 104 of the Social Services Law. This would seem to be the 10-year period preceding the date of assignment. However, the estate’s position appears to be that since the personalty did not vest indefeasibly until the date of the second life tenant’s death (i.e., the same day as the recipient’s death), such date should be used as the measuring date rather than that of execution of the assignment.
There is merit in the proposition that the 10-year limitation on the provable debt (for purposes of suit) also sets a limitation on the value of the assignment. The assignment must be tested against the limitations provisions of section 104 because that section created the debt — “ Any public assistance or care received by such person shall constitute an implied contract.f’ For the Commissioner to prevail in his contention that the assignment was intended to cover the entire debt, he must demonstrate that there was a revival of the time-barred debt (i.e., that incurred prior to the 10-year period preceding the date of assignment). (See section 33-d of the Personal Property Law, now section 17-101 of the General Obligations Law; CPLR 201.) *988 However, an acknowledgment that would be effective to take a case out of the operation of the statute “ must be more than a hint, reference, or discussion or an old debt; it must amount to a clear recognition of the claim as one presently existing [citing cases].” (Matter of Gilman, Son & Co., 57 F. 2d 294, 296; see, also, Matter of Meyrowitz, 114 N. Y. S. 2d 541, affd. 284 App. Div. 801, mot. for lv. to app. den. 284 App. Div. 844.) Examination of the above-quoted assignment indicates that it is legally insufficient to constitute an acknowledgment and revival of the prior unenforcible debt. Moreover, in drafting the assignment, the Commissioner not only failed to recite any specific reference to the prior debt but specifically referred to the recipient’s satisfaction of her liability ‘ ‘ under the provisions of the Social Welfare Law.”
The estate’s argument, that the limitation on the period covered by the assignment is to be measured from the date of death of Florence Ridgeway, is untenable.
If Florence Ridgeway had a valid, valuable, assignable property right on the date of assignment and surrendered it in satisfaction of the enforcible debt, the Commissioner’s right of recovery is to be measured from the date of that assignment. The limitation on recovery, imposed by section 104, measures from the date of discovery of real or personal property of the recipient and clearly the Commissioner “discovered” the recipient’s interest in this trust on the date of assignment, not the date of the recipient’s debt. What then of the estate’s assumption that Florence Ridgeway had no “ personalty ” as such until the day her interest in the trust vested indefeasiblyí
‘ £ Where there is a gift to another without qualification, subject to a trust and subject to be defeated in case of the death of the beneficiary before the termination of the trust, the title to such trust fund, subject only to the contingencies provided by the terms of the gift, is vested in such beneficiary [citing cases]. # * *
1‘ The appellant is the beneficiary of the trust subject only to the trust itself and subject to his beneficial interest in the principal of such trust fund being defeated by his death before the times therein specified. Such a beneficial interest in the principal of a ■ trust fund may be transferred. (Personal Property Law, § 15; Real Property Law, § 103 [now Estates, Powers and Trusts Law, § 7-1.5]) ”. (West v. Burke, 219 N. Y. 7, 15-16; see, also, Hills v. Flynn, 161 App. Div. 127.) Thus, at the time of assignment, Florence Ridgeway’s future estate was a vested interest in personalty (subject to defeasance) which could and did serve *989 as sufficient consideration for the satisfaction of the debt. (See Matter of Edwards, 63 N. Y. S. 2d 64, 70.)
Accordingly, the court concludes that the Department of Public Welfare of Westchester County is entitled to receive from the shares of Florence Ridgeway the costs of public assistance and care extended to her for the period July 12, 1953 through March 8,1964. Let a statement in provable form setting forth in detail the costs of such public assistance and care for the mentioned period be filed with the court and copies thereof served on attorneys for the parties appearing herein.
The account of the trustee is settled and allowed as filed and distribution of the remainder is directed as above set forth.