John D. Bennett, J.
'This is a petition for a compulsory accounting ¡brought by the Commissioner of the Department of Social Services of the County of Nassau. Petitioner served a notice of claim pursuant to ¡SCPA 1803 on the attorney for the administratrix on March 118, 1971. A notice of claim was allegedly also served on 'Janet Thomas, the administratrix of the decedent by certified mail on March 18,1971. Subsequently, a notice of rejection of claim was served.
The decedent died on November 10,1970. Letters of administration were issued to the administratrix on December 15, 1970. During the lifetime of the decedent she received certain public assistance dating back to December of 1963 which is the subject of the claim.
The attorney for the respondent administratrix contends that the claims for public assistance rendered to the decedent between 1963 .and 1964 should be barred because of the Statute of Limitations. He suggests that these claims are subject to the six-year Statute of Limitations. Secondly, he asserts that the claim is judicially defective in that the administratrix was not served. Another objection is that the affidavit submitted by the Department of ¡Social Services is improper because it is not made by someone familiar with the alleged assistance rendered to the deceased and is only made “ upon information found in the books and records of the Department of Social Services ”. Moreover it is argued that the affidavit does not claim those books and records are kept in the regular course of business *384 and therefore they are entitled to no presumption of correctness in the regular course of ¡business. The last objection is that “‘medical assistance’ for the aged is not the type of public assistance intended to be covered under section 104 of the Social Welfare Law.”
As far as the last objection is concerned, subdivision 20 of section 2 of the Social Services Law states that “ Public assistance and care includes * * * old age assistance * * * medical assistance for needy persons ”. Therefore, medical assistance for the aged is within the purview of section 104 of the Social Services Law. In addition medical assistance shall be given to a person who requires such assistance and who is receiving or who is eligible for home relief or aid for the aged (Social Services Law, § 366).
Subdivision 1 of sectidn 104 of the Social Services Law states: ‘ ‘ A public welfare official may bring * * * proceeding against * * * the estate or the executors, administrators and successors in interest of a person ,who dies leaving real or personal property, if such person * * * received assistance and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such assistance or care. Any public assistance or care received by such person shall constitute an implied contract.”
The law is clear in that the six-year ¡Statute of Limitations applicable to this type of claim begins to run on the date of issuance of letters testamentary (in our case, letters of administration) (Matter of Cudahy, 49 Misc 2d 668). Therefore, in our case where letters of administration were issued on December 15, 1970 the ¡Statute iof Limitations would begin running on that date. It can be readily seen that the petitioner has timely filed .his claim. Moreover, the section in question, section 104 of the ¡Social ¡Services Law, permits a claim where assistance is received during the preceding 10 years. Since the earliest assistance here was received in December of 1963 and the petitioner has served a notice of claim on March 18, 1971 the claim has been timely interposed.
Subdivision 2 of SOPA 1803 states: “The notice of claim required by this section shall be presented by delivering a copy thereof to a fiduciary personally or by mail addressed to him.” The evidence submitted (a copy of the return receipt) indicates that the administratrix was properly notified pursuant to statute and in addition she served a rejection of claim.
With respect to the objection to the affidavit, this affidavit was executed by- the Resources Supervisor of the Department of *385 Social 'Services on information and belief. It is recognized that facts in an affidavit may be stated on information and belief where the affiant has no personal knowledge of those facts and must necessarily depend upon information which he derives from others (Buell v. Van Camp, 119 N. Y. 160). “ Hearsay evidence is generally excluded upon the trial of issues of fact in actions * * * But in collateral proceedings, or matters of practice where orders in the progress of actions are applied for, judges frequently act upon facts stated upon information and belief * * * All that is required is that the information furnished by the affidavit shall be such that a person of reasonable prudence would be willing to accept and act upon it. The mere averment, however, of a fact upon information and belief, without more, is not sufficient; but the sources of the information and the grounds of belief must be stated, so that the judicial officer to whom the affidavit is presented may judge whether the information and belief have a proper basis to rest on ” (Wieser v. Gustafson, 61 N. Y. S. 2d 246, 250; Buell v. Van Camp, supra).
Here, the sources of the Supervisor’s information is found upon the books and records of the Department of Social Services of Nassau‘County and the office of the Comptroller of the County of Nassau and upon the records of the Surrogate’s Court of Nassau County. As a practical matter, it would be virtually impossible for the Resources Supervisor to be personally familiar with the alleged assistance rendered because of the sheer volume of cases that pass through the Department of Social Services. The Department of Social Services has collated these claims from different sources. Since the affidavit is in proper form, the claim is prima facie valid and a sufficient determination has been made to require the filing of an account at this time (cf. Matter of Thoms, 76 Misc 2d 132). Accordingly the respondent is directed to file a voluntary account by April 17, 1974 or a 10-day compulsory order to account will issue without notice.
"While it is true that now under subdivision 5 of SCPA 1808, the court may determine the validity of a claim prior to the filing of an account, the fiduciary must request such action and “ show the condition of the estate ”, which has not been done. If the respondent, however, amends her pleadings to comply with those requirements and files a note of issue and statement of readiness in order to prepare this matter for trial on the merits of the claim, the direction to account will be withdrawn.