■ PASCHAL McGUINNESS et al., Respondents, v STANDARD DRYWALL CORP. et al., Defendants, and MICHAEL GEDELL et al., Appellants. [597 NYS2d 407] —Order, Supreme Court, New York County (Carol E. Huff, J.), entered March 10, 1992, which denied the motion of defendants-appellants to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), or in the alternative, for summary judgment pursuant to CPLR 3212, unanimously affirmed, with costs.

Plaintiffs' complaint, alleging that funds and property in the possession of defendants are being held for defendant Michael Gedell and/or were fraudulently transferred to avoid satisfaction of two money judgments obtained in Federal court, was timely brought within the applicable Statute of Limitations (CPLR 213 [8]; 203 [g]). Although the alleged fraudulent transfers commenced in 1983 and the action was not brought until 1990, after investigations in connection with attempts to satisfy the judgments, plaintiffs utilized reasonable diligence in discovering the transfers, which transfers were peculiarly within the knowledge of defendants, and the failure of plaintiffs to ascertain the truth by inspecting public records is not determinative *(Azoy v Fowler,* 57 AD2d 541, 542).

Nor should the complaint be dismissed for failure to state a cause of action for actual fraud under Debtor and Creditor Law § 276, since plaintiffs' affidavits submitted in response to the motion to dismiss remedied any defects in their complaint *(Rovello v Orofino Realty Co.,* 40 NY2d 633). Summary judgment was not warranted since there exist triable issues of fact. Concur—Rosenberger, J. P., Kupferman, Asch and Rubin, JJ.