■ STATE OF NEW YORK, Respondent, v FRANK CETERO, Individually and as Cotrustee of the Trust Made by ANGELO CETERO, et al., Appellants, et al., Defendants. [649 NYS2d 514] —Crew III, J. Appeal from an order of the Supreme Court (Canfield, J.), entered January 2, 1996 in Albany County, which, *inter alia*, partially granted plaintiff's motion for summary judgment.

Between October 24, 1986 and November 18, 1987, Angelo Cetero (hereinafter decedent) was an in-patient at Central Islip Psychiatric Center, a facility operated by the State through the Office of Mental Health, and incurred charges for services rendered in the amount of $63,292, of which approximately $43,000 remains outstanding. During his hospitalization, decedent established a trust and transferred certain assets into it. Decedent was the trust's primary income beneficiary, and decedent's children, defendants Frank Cetero (hereinafter Cetero) and Sarah Buonincontri, were the trustees and remaining beneficiaries. Following decedent's death, a dispute apparently arose between Cetero and Buonincontri regarding the distribution of the trust and, in May 1990, the two entered into a so-ordered stipulation of settlement, whereby the trust was judicially dissolved and the proceeds distributed, except for $43,000—the amount necessary to satisfy the State's claim for

services. Pursuant to the terms of the stipulation, one half of that amount was deposited with Cetero's escrow agent, defendant Peter Panaro, and one half was deposited with Buonincontri's escrow agents, defendants Richard Borda and Michael Kennedy.

The State thereafter made demands for payment upon Buonincontri, Cetero, Panaro and Kennedy. Although Buonincontri apparently was inclined to pay the claim, pursuant to the aforementioned stipulation, the funds could not be released from escrow without Cetero's consent, which he was unwilling to give. As a result, the State commenced this action in April 1992 seeking reimbursement for the services rendered to decedent prior to his death. Panaro and Cetero answered, and Borda, Kennedy and Buonincontri entered into a stipulation with the State wherein they agreed not to oppose the State's then-impending motion for summary judgment against Panaro and Cetero (hereinafter collectively referred to as defendants) on its first, second, third, fifth and sixth causes of action and, further, to be bound by Supreme Court's resolution of that motion. Defendants opposed said motion and cross-moved for summary judgment dismissing the complaint. Supreme Court granted the State's motion and denied defendants' cross motion, except to the extent that the first cause of action against defendants for contempt of court was dismissed. This appeal by defendants followed.

Turning first to defendants' argument regarding the Statute of Limitations, defendants initially moved to dismiss the State's second, third, fifth and sixth causes of action on the ground that such claims constituted "an action to recover upon a liability, penalty or forfeiture created or imposed by statute" and, hence, were subject to the three-year Statute of Limitations set forth in CPLR 214 (2). Supreme Court denied defendants' motion in that regard, finding that the second, third, sixth and, by implication, fifth causes of action were claims to collect fees due under Mental Hygiene Law article 43 and, therefore, were subject to the six-year Statute of Limitations set forth in Mental Hygiene Law § 43.07 (c).

On appeal, defendants concede that the second and third causes of action are timely but contend that the fifth cause of action, alleging a violation of EPTL 7-3.1 (a),[1] and the sixth cause of action, alleging a violation of Mental Hygiene Law

---

1. EPTL 7-3.1 (a) provides that "[a] disposition in trust for the use of the creator is void as against the existing or subsequent creditors of the creator". In this regard, decedent's trust contained a provision permitting Cetero and

§ 43.09,[2] are time barred. We cannot agree. Whether viewed as an attempt to collect upon a liability imposed under Mental Hygiene Law article 43 (see, Mental Hygiene Law § 43.07 [c]) or, alternatively, as an attempt to merely set aside two provisions in the trust agreement that, in violation of the cited statutory provisions, would place the trust assets beyond the State's reach (see, CPLR 213 [1]), it is clear that the six-year Statute of Limitations applies.

We are similarly unpersuaded that defendants tendered sufficient admissible proof in opposition to the State's motion for summary judgment to raise a question of fact as to the validity of the State's claim for services. Although Panaro has questioned the quality and necessity of the care and treatment provided to decedent prior to his death, Panaro's conclusory and unsubstantiated assertions in this regard are insufficient to defeat the State's motion.

We do, however, find merit in Panaro's claim that he cannot be held jointly or severally liable for the amount claimed by the State based upon his status as Cetero's escrow agent. In this regard, the so-ordered stipulation executed by Cetero and Buonincontri in May 1990 provides, in relevant part, that "[t]he escrow agents are indemnified and held harmless from all liability, except for gross negligence or intentional or tortious acts". No such showing has been made here. The stipulation further provides that the funds held in escrow by Panaro and are to so remain: "unless otherwise agreed by the unanimous consent of both parties * * * for a period of six years from the date of [decedent's death] * * * with an anticipated release date of June 1, 1995, or unless ordered to be released by a [c]ourt of competent jurisdiction or released to satisfy a [j]udgment that may result from a third party claim against the trust and/or the said trustees." To that end, the record reflects that Panaro's client would not consent to the release of the funds and, prior to Supreme Court's resolution of the

Buonincontri to completely deplete the trust if, in their estimation, it was necessary for decedent's maintenance and well-being.

2. Mental Hygiene Law § 43.09 provides that "[a] transaction between a patient or person liable for him [or her] and another which is intended to avoid liability under this article is void and any person benefiting from such a transaction shall be liable for fees to the extent of the value of the resources involved". Decedent's trust agreement, however, contained a provision prohibiting the trustees from "making any payments in reimbursement to any governmental entity which may have incurred expense for the benefit of any beneficiary".

instant motion, there was no judgment to be satisfied.[3] Finally, we reject the argument that Panaro was acting as decedent's fiduciary and, hence, Mental Hygiene Law § 43.03 (a) does not provide a basis for imposing liability upon Panaro. The parties' remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the State's motion for summary judgment against defendant Peter Panaro as to the third cause of action; motion denied to said extent and cross motion for summary judgment dismissing said cause of action against defendant Peter Panaro granted; and, as so modified, affirmed.

---

**3.** Although the stipulation also contains a provision vesting Panaro and Kennedy with the authority to confirm the State's claim and, if so confirmed, to satisfy said claim through the assets of the trust, it is clear, reading the stipulation as a whole, that it was not the intent of the parties to commit resolution of this matter to Panaro's sole discretion.