■ In the Matter of the Estate of LORRAINE BUSTAMANTE, Deceased. CHRISTOPHER BUSTAMANTE et al., as Administrators of the Estate of LORRAINE BUSTAMANTE, Deceased, Appellants; COUNTY OF NASSAU, Respondent. [682 NYS2d 102] —In a proceeding pursuant to SCPA 1809 to determine the validity of a claim, the administrators of the decedent's estate appeal from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated July 15, 1997, which denied their motion to vacate a lien and dismiss the claim as time-barred.

Ordered that the order is affirmed, with costs to the respondent payable out of the estate.

The appellants, the administrators of the subject estate, seek to vacate a lien and dismiss as time-barred a claim filed against the estate by the respondent, County of Nassau, pursuant to Social Services Law § 104 (1). We now affirm the order denying that relief.

The decedent died in 1986. For reasons not clear from the record, letters of administration were not issued until May 1996. In August 1996 the County, alleging that the decedent owned real and/or personal property at the time of her death, filed a claim with the decedent's estate pursuant to Social Services Law § 104. The County sought to recover public assistance paid to the decedent from March 1977 through December 1982 in the amount of $23,165.05.

Where, as here, a recipient of public assistance benefits owns real or personal property at the time of his or her death, Social Services Law § 104 permits the County to seek recovery of benefits paid to the decedent within 10 years of death on a theory of implied contract (*see, Matter of Colon,* 83 Misc 2d 344; *Matter of Holmes,* 77 Misc 2d 382; *Matter of Cudahy,* 49 Misc 2d 668; *cf., Hoke v Ortiz,* 83 NY2d 323, *cert denied* 513 US 865). The relevant six-year Statute of Limitations (CPLR 213) runs from the date of appointment of a fiduciary for the estate (*see, Matter of Holmes, supra*; *Matter of Alton,* 55 Misc 2d 985; *Matter of Cudahy, supra*; *cf., Glamm v Allen,* 57 NY2d 87). Thus, the County's claim in this case was timely.

Contrary to the appellants' assertions, our decision in *Matter of Kappen v D'Elia* (197 AD2d 575) is not to the contrary. In *Kappen,* unlike this case, the County was seeking to recover benefits paid to a decedent more than 10 years prior to the

death. Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.