■ In the Matter of MERNA GAGLIONE, Appellant, v SAM'S BARGAIN CENTER, INC., Doing Business as SAM'S B.C. NURSERIES, Respondent. [725 NYS2d 868] —In a proceeding pursuant to CPLR 5239 to vacate an execution of a judgment against certain real property, the appeal is from a judgment of the Supreme Court, Suffolk County (D'Emilio, J.), entered June 13, 2000, which, *inter alia,* denied the petition and dismissed the proceeding as time-barred.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly determined that the petitioner's claims for actual and constructive fraud were barred by the Statute of Limitations (*see, Liberty Co. v Boyle,* 272 AD2d 380; *Fandy Corp. v Lung-Fong Chen,* 262 AD2d 352; *Wall St. Assocs. v Brodsky,* 257 AD2d 526, 530). There is no merit to the petitioner's argument that her cause of action did not accrue until after entry of the divorce judgment (*see,* Debtor and Creditor Law § 270; *Buttles v Smith,* 281 NY 226; *Kasinski v Questel,* 99 AD2d 396).

The petitioner's remaining contentions are without merit. Altman, J. P., Friedmann, Luciano and H. Miller, JJ., concur.

■ In the Matter of PELEGRINA IANNOTTI, Petitioner, v COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [725 NYS2d 866] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Health, dated August 23, 1999, which, after a fair hearing, denied the petitioner's application for Medicaid Assistance on the ground that she had excess available resources in an inter vivos trust.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

There is substantial evidence in the record to support the determination that the petitioner has excess available resources in an inter vivos trust (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). The determination that the appointed "trust protector" had been given discretionary power to distribute the trust's assets for purposes of medical assistance has a rational basis in the record. Krausman, J. P., S. Miller, McGinity and Schmidt, JJ., concur.