■ AVALON LLC, Respondent, v CORONET PROPERTIES COMPANY et al., Defendants, and MITCHELL H. GORDON et al., Appellants. [762 NYS2d 48] —Order, Supreme Court, New York County (Charles Ramos, J.), entered August 9, 2002, which denied defendants' motion for summary judgment dismissing plaintiff's 7th through 11th and 31st through 35th causes of action on the ground they were barred by the statute of limitations, unanimously reversed, on the law, without costs, and defendants' motion granted.

On April 14, 1994, defendant Coronet Properties Company (Coronet) entered into an agreement with the other defendants which, inter alia, assigned Coronet's right to any net proceeds from settlement of litigation with the Federal Deposit Insurance Corporation (FDIC) to professionals providing ongoing services to Coronet and to defendant Wellington. In March 1996, plaintiff became assignee on a $3 million judgment against Coronet and then took efforts to collect including the filing of restraining notices. In September 1996, the FDIC litigation settled and $4 million was paid pursuant to the 1994 Coronet assignment. The instant action was commenced in May 2001 seeking to recover the proceeds paid pursuant to that assignment on the grounds that there had been a fraudulent conveyance, constructive fraud and actual fraud. The IAS court denied defendants' motion to dismiss on statute of limitations grounds finding that the 1996 FDIC settlement constituted the "closing" of the 1994 assignment, satisfying the six-year limitation period for an action for constructive fraud (Debtor and Creditor Law § 273). "A '[c]onveyance' includes every payment of money, assignment, release, transfer, lease, mortgage or pledge of tangible or intangible property, and also the creation of any lien or incumbrance" (Debtor and Creditor Law § 270). Coronet's 1994 assignment conveyed all of its interest in any potential settlement with FDIC. "No particular

words are necessary to effect an assignment; it is only required that there be a perfected transaction between the assignor and assignee, intended by those parties to vest in the assignee a present right in the things assigned" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). Avalon's causes of action for constructive fraud under Debtor and Creditor Law § 273 should have been dismissed because the purported fraudulent conveyance was final and the challenged assignment rights vested on April 14, 1994, more than six years prior to commencement of this action in 2001. The distribution of the proceeds some two years after assignment did not create the assignees' rights to payment and could not, therefore, restart the limitations period.

Those claims alleging actual fraud under Debtor and Creditor Law § 276 should have also been dismissed. The limitation period for actual fraud is either six years from when the fraud took place (CPLR 213) or two years from the date of discovery (CPLR 203 [g]). Any fraud happened in April 1994, so the six-year limitation period expired in April 2000, prior to commencement of this action. It is undisputed that in April of 1999 Avalon was provided with the 1994 assignment agreement. As far back as 1996 Avalon was aware of the 1994 agreement and subsequent distribution of payments. Clearly, plaintiff was aware of any alleged actual fraud more than two years prior to commencement of this action, so the alternative date of discovery statute of limitation had also expired. We have examined the other contentions made by plaintiff and find them to be without merit. Concur—Buckley, P.J., Saxe, Rosenberger, Lerner and Gonzalez, JJ.