ISLAND HOLDING, LLC, Plaintiff, v DENIS J. O'BRIEN, Also Known as DENIS O'BRIEN, et al., Respondents, NICHOLAS VALNER et al., Appellants, et al., Defendants. [775 NYS2d 72]—

In an action to foreclose a mortgage, the defendants Nicholas Valner and Kenneth Roberts, as co-executors of the estate of George Harrison, appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), entered December 4, 2002, which granted the motion of the defendant Union Illinois (1995) Investment Limited Partnership, and the separate motion of the defendants Denis J. O'Brien, also known as Denis O'Brien, Alabert J. O'Brien, also known as Albert J. O'Brien, and Douglas Alan O'Brien as trustee for the benefit of the Denis J. O'Brien Family Irrevocable Trust, inter alia, for summary judgment dismissing their pleading in support of the notice of claim to surplus money pursuant to RPAPL 1361, and denied their cross motion for leave to serve an amended pleading.

Ordered that the order is affirmed, with one bill of costs pay-

able to the respondents appearing separately and filing separate briefs.

The instant action was commenced by the plaintiff in 1999 to foreclose a first mortgage recorded December 4, 1989. On July 27, 2000, the property was sold at a foreclosure sale and the first mortgage was satisfied.

The foreclosure sale generated a surplus of $1,377,948.03. The instant dispute is between the claimants to these surplus moneys pursuant to RPAPL 1361. The respondents hold mortgage liens which were recorded on June 22, 1995. The appellants seek to enforce a judgment docketed on February 14, 1996.

The appellants' claim for surplus money was filed on September 10, 2001. The respondents moved to strike the claim as untimely under RPAPL 1361 (1) which provides such claims must be filed before confirmation of the referee's report of the foreclosure sale. The Supreme Court denied the motion and this Court affirmed (*see Island Holding v O'Brien,* 305 AD2d 463 [2003]).

Thereafter, in a pleading dated May 22, 2002, the appellants interposed claims that the respondents' mortgages were fraudulent conveyances in violation of Debtor and Creditor Law §§ 273, 275, and 276. The respondents moved to dismiss the pleading on the ground that those claims of fraud were time-barred. The Supreme Court granted their motions, citing *Greenpoint Sav. Bank v Kijik,* (297 AD2d 359 [2002]). This appeal ensued.

*Greenpoint Sav. Bank v Kijik* (*supra* at 360) holds that a second mortgagee's claim for surplus money must be brought within six years of the default on the second mortgage based on the six-year statute of limitations set forth in CPLR 213 (4) for an action to foreclose a mortgage. In that case, the second mortgagee was attempting to enforce its claim against the mortgagor who held the equity of redemption. The second mortgagee's claim to surplus money was dismissed as time-barred. This Court relied upon *Allerwan Co. v Hermann* (262 NY 625 [1933]), which also involved the claim of a second mortgagee against the holder of the equity of redemption.

Since the appellants' claim to surplus money is based upon its status as a judgment creditor governed by a 20-year statute of limitations (*see* CPLR 211), neither *Greenpoint Sav. Bank v Kijik* (*supra*) nor *Allerwan Co. v Hermann* (*supra*) is applicable to this case. The appellants' claim to the surplus money is not time-barred (*see Reliance Fed. Sav. & Loan Assn. of N.Y. v Venet Homes,* 57 AD2d 830 [1977]).

However, the appellants' pleading asserting fraudulent

conveyances is time-barred by the statute of limitations for causes of action sounding in fraud (see CPLR 213 [8]). A cause of action by a judgment creditor to set aside a fraudulent conveyance is governed by the six-year statute of limitations for causes of action alleging fraud, which commences to run at the time the allegedly fraudulent conveyance occurs: where actual fraud is alleged, the statute of limitations is six years from the fraudulent transfer or two years from the time the fraud was discovered or could have been discovered with reasonable diligence (see Matter of Gaglione v Sam's Bargain Ctr., 283 AD2d 645 [2001]; Liberty Co. v Boyle, 272 AD2d 380, 381 [2000]; CPLR 203 [g]). In the instant case, the appellants' causes of action were asserted more than six years after the allegedly fraudulent conveyances were recorded on June 22, 1995, and more than two years after the appellants discovered the alleged fraud or could have discovered the alleged fraud with reasonable diligence. Accordingly, the appellants' pleading is time-barred.

The appellants' remaining contentions either are unpreserved for appellate review or without merit. Ritter, J.P., Goldstein, Townes and Crane, JJ., concur.