■ Roger Miller et al., Respondents, v Ian Polow, as Cotrustee of Trust for Benefit of Deborah Hari Doniger, Appellant, et al., Defendants. [787 NYS2d 319]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered August 11, 2003, denying defendant-appellant's motion for summary judgment dismissing the amended complaint as to him as barred by the statute of limitations, unanimously affirmed, without costs.

An action for an actual fraudulent conveyance under Debtor and Creditor Law § 276 must, like other actions based on fraud, be commenced within six years from the date of the fraud, or within two years after the plaintiff discovered the fraud, or could with reasonable diligence have discovered it, whichever is longer (CPLR 203 [g]; 213 [8]; *see Avalon LLC v Coronet Props.*

*Co.,* 306 AD2d 62, 63 [2003], *lv denied* 100 NY2d 513 [2003]). On this record, triable issues of fact exist as to whether, more than two years before this action was commenced in 2002, plaintiffs had information from which they reasonably could have inferred that the challenged 1993 conveyance by defendant William R. Doniger was made "with actual intent . . . to hinder, delay, or defraud" (Debtor and Creditor Law § 276) plaintiffs in their efforts to recover money damages from Doniger on a claim litigated in a different action (*see Trepuk v Frank,* 44 NY2d 723, 724-725 [1978]; *Erbe v Lincoln Rochester Trust Co.,* 3 NY2d 321, 326 [1957]; *Kaufman v Cohen,* 307 AD2d 113, 122-123 [2003]; *K & E Trading & Shipping v Radmar Trading Corp.,* 174 AD2d 346, 347 [1991]). Since it cannot be said that the instant action is time-barred as a matter of law, the IAS court correctly denied the motion for summary judgment and reserved the issue of the action's timeliness for determination at trial. Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Gonzalez, JJ.