JOSEF METZGER, JR., Appellant, v YUENGER WOODWORKING CORP. et al., Respondents. [824 NYS2d 96]—

In an action pursuant to Debtor and Creditor Law article 10 to recover damages resulting from certain allegedly fraudulent transfers of corporate assets, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated February 16, 2005, which granted the defendants' motion to dismiss the complaint as time-barred.

Ordered that the order is modified, on the law, by deleting the

provision thereof granting those branches of the defendants' motion which were to dismiss the first, second, and third causes of action in their entirety and substituting therefor a provision granting those branches of the motion which were to dismiss so much of the first and second causes of action as alleged fraudulent transfers of assets before October 12, 1998, and so much of the second cause of action as was asserted against the individual defendants and otherwise denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

In October 1990 the plaintiff sold his shares of stock in the defendant Yuenger Woodworking Corp. (hereinafter Yuenger) and entered into a restrictive covenant in favor of Yuenger in exchange for the sum of $1,750,000. Yuenger was to make the payments to the plaintiff in monthly installments over a 15-year period. On March 31, 2000, however, Yuenger apparently stopped making payments. In October 2004 the plaintiff commenced this action against Yuenger and its officers, directors, and shareholders (hereinafter the individual defendants). The plaintiff's first two causes of action were to recover damages for constructive fraudulent transfers of corporate assets under Debtor and Creditor Law §§ 273 and 273-a, and his third cause of action was to recover damages for actual fraudulent transfers of corporate assets under Debtor and Creditor Law § 276. The plaintiff alleged that Yuenger began to make fraudulent transfers of assets to the individual defendants "beginning in or about October of 1990" in order to render Yuenger unable to pay its debt to him.

The Supreme Court incorrectly determined that the plaintiff's claims sounding in actual and constructive fraud were barred by the statute of limitations. Claims based on constructive fraud, such as those recognized by Debtor and Creditor Law §§ 273 and 273-a, are governed by the six-year statue of limitations set forth in CPLR 213 (1), and such claims arise at the time of the fraud or conveyance (*see Wall St. Assoc. v Brodsky*, 257 AD2d 526, 530 [1999]; *Avalon LLC v Coronet Props. Co.*, 306 AD2d 62 [2003]). Where actual fraud is alleged, such as that recognized under Debtor and Creditor Law § 276, the statute of limitations is six years from the fraudulent transfer or two years from the time the fraud was discovered or could have been discovered (*see Island Holding v O'Brien*, 6 AD3d 498 [2004]; CPLR 203 [g]), whichever is later (*see Miller v Polow*, 14 AD3d 368 [2005]; *Liberty Co. v Boyle*, 272 AD2d 380, 381 [2000]).

The plaintiff's constructive fraud claims under Debtor and Creditor Law §§ 273 and 273-a were based on Yuenger's

transfers of corporate assets up until the time the action was commenced, so they are timely for any transfers within six years before the commencement of the action on October 12, 2004. Even if March 31, 2000, the date the plaintiff stopped receiving payments, is, as the court found, the accrual date, the claims would still be timely since they were asserted less than six years after the accrual date (*cf. Avalon LLC v Coronet Props. Co., supra*). Further, as to actual fraud under Debtor and Creditor Law § 276, the plaintiff's claims are timely as the action was commenced on October 12, 2004, less that six years after payment ceased on March 31, 2000. Even if the court were to utilize the limitations period of two years from discovery, it cannot be determined, as a matter of law, whether the plaintiff was aware, or should have been aware, of any alleged actual fraud more than two years before the commencement of this action (*see Liberty Co. v Boyle,* 272 AD2d at 381, *supra*).

Finally, as the plaintiff's second cause of action to recover damages for constructive fraud pursuant to Debtor and Creditor Law § 273-a was predicated on the existence of a July 2003 judgment in a prior action which was entered only against Yuenger, the plaintiff may not assert this cause of action against the individual defendants. Adams, J.P., Santucci, Lunn and Dillon, JJ., concur.