■ ROBERT EHRLER, Doing Business as RYAN PROPERTIES II, Respondent, v ARTHUR A. CATAFFO et al., Appellants. [840 NYS2d 375]—

In an action, inter alia, pursuant to Debtor and Creditor Law article 10 to set aside certain transfers as fraudulent, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered March 24, 2006, as granted those branches of the plaintiff's motion which were for summary judgment declaring that certain transfers by the defendant Arthur A. Cataffo were fraudulent, and denied those branches of their separate motions which were, in effect, to dismiss the 2nd, 3rd, 26th, 27th, 28th, 29th, 32nd, and 33rd causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the 2nd and 32nd causes of action and denying those branches of the defendants' separate motions which were to dismiss the 2nd and 32nd causes of action, and substituting therefor a provision denying those branches of the plaintiff's motion and granting those branches of the defendants' separate motions; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

In the 2nd and 32nd causes of action of the complaint, the plaintiff alleged that the defendant Anthony A. Cataffo (hereinafter Cataffo) had fraudulently conveyed to his wife, the defendant Lorraine Cataffo, his interests in both the defendant University Shop Realty, LLC (hereinafter USR), and real property located in Hauppauge (hereinafter the Hauppauge property) in violation of Debtor and Creditor Law § 275. The plaintiff moved for summary judgment, inter alia, declaring that the conveyances were fraudulent, and the defendants separately

moved for summary judgment dismissing, among others, those causes of action on the ground that they were time-barred. The Supreme Court granted the plaintiff's motion and denied the defendants' separate motions, finding that the causes of action were timely since the claims had accrued on the date of entry of a money judgment against Cataffo obtained in a prior action. This was error.

A cause of action based on constructive fraud in New York is governed by a six-year statute of limitations (*see* CPLR 213 [8]), and such a cause of action arises at the time the fraudulent conveyance occurs (*see Island Holding v O'Brien,* 6 AD3d 498, 500 [2004]; *Wall St. Assoc. v Brodsky,* 257 AD2d 526, 530 [1999]).

Here, the amended business certificate divesting Cataffo of his two-thirds ownership interest in USR was recorded on December 2, 1994 and the deed conveying Cataffo's 50% interest in the Hauppauge property to his wife was recorded on November 18, 1994. Inasmuch as this action was commenced on December 6, 2000, the Supreme Court should have granted those branches of the defendants' separate motions which were to dismiss the 2nd and 32nd causes of action alleging constructive fraud under Debtor and Creditor Law § 275 on the ground that the claims are barred by the six-year statute of limitations (*see* CPLR 213 [8]; *Island Holding v O'Brien, supra*).

The Supreme Court, however, properly granted those branches of the plaintiff's motion which were for summary judgment on the 3rd, 26th, 27th, 28th, 29th, and 33rd causes of action, which were premised upon Debtor and Creditor Law § 276, and set aside the conveyances at issue.

A cause of action based upon actual fraud under Debtor and Creditor Law § 276 must be brought within six years of the date that the fraud or conveyance occurs, or within two years of the date the fraud should have been discovered, whichever is longer (*see Island Holding v O'Brien, supra* at 500; *Matter of Gaglione v Sam's Bargain Ctr.,* 283 AD2d 645 [2001]; *Wall St. Assoc. v Brodsky, supra*). Here, the plaintiff established its prima facie entitlement to judgment by showing that the fraud could not have been discovered earlier than two years prior to the commencement of the action, because Cataffo provided no notice to his creditors of the conveyances and refused to turn over requested documentation that was necessary to commence an enforcement proceeding against his assets. In response, the defendants failed to raise a triable issue of fact as to whether the plaintiff had, or should have had, prior knowledge of the conveyances (*see Guedj v Dana,* 11 AD3d 368 [2004]; *McGuin-*

*ness v Standard Drywall Corp.,* 193 AD2d 518 [1993]; *Azoy v Fowler,* 57 AD2d 541, 542 [1977]). Furthermore, the plaintiff met the burden of proving by clear and convincing evidence (*see Marine Midland Bank v Murkoff,* 120 AD2d 122, 126 [1986]) the "badges of fraud" accompanying the conveyances (*Pen Pak Corp. v LaSalle Natl. Bank of Chicago,* 240 AD2d 384, 386 [1997]; *see Cadle Co. v Organes Enters., Inc.,* 29 AD3d 927 [2006]), which the defendants failed to refute.

The defendants' remaining contentions are without merit or have been rendered academic (*see* Debtor and Creditor Law §§ 273, 273-a, 276). Miller, J.P., Mastro, Dillon and McCarthy, JJ., concur.