■ In the Matter of the Estate of MARGARET M. TOMECK, Deceased. EDWARD M. TOMECK, as Executor of MARGARET M. TOMECK, Deceased, Respondent-Appellant; ROBERT CHRISTOPHER, as Commissioner of Social Services of Saratoga County, Appellant-Respondent, et al., Respondent. [846 NYS2d 693]—

Spain, J.P. Cross appeals (upon remittal from the Court of Appeals) from an order of the Surrogate's Court of Saratoga County (Seibert, S.), entered January 28, 2005, which, among other things, denied a motion for summary judgment by respondent Commissioner of Social Services of Saratoga County, on his objections to the estate accounting.

When this case was previously before this Court (29 AD3d 156 [2006]), we affirmed the holding of Surrogate's Court that no implied contract had arisen between Margaret Tomeck (hereinafter decedent) and respondent Commissioner of Social Services of Saratoga County (hereinafter DSS) with respect to her obligation to pay for her husband's nursing home care. The Court of Appeals reversed (8 NY3d 724 [2007]). Since this Court had not reached the question of whether Surrogate's Court had

jurisdiction over the assets of decedent's inter vivos trust, the Court of Appeals remitted the matter to this Court for a determination of that single issue, before the matter is remitted to Surrogate's Court. In now addressing the jurisdictional issue, we hold that Surrogate's Court correctly held that it lacked personal jurisdiction over the inter vivos trust.

This is a probate proceeding seeking judicial approval of the executor's accounting of decedent's estate. The Margaret Tomeck Irrevocable Trust (hereinafter trust), created during decedent's lifetime, is not a party and its trustees, although parties to the probate proceeding as beneficiaries to the estate, were never served in their fiduciary capacities as trustees of the trust.

DSS nevertheless asserts that Surrogate's Court erred in finding that it lacked jurisdiction over the trust because, under the trust agreement, decedent retained the right to receive income for life, rendering the trust a testamentary substitute for the purposes of calculating decedent's husband's elective share (*see* EPTL 5-1.1-A [b] [1] [F]), thus making the trust a potential party to the proceeding under SCPA 1421. Although this is entirely accurate—indeed, it is conceded by petitioner that the trust is a testamentary substitute and, for that purpose, was included in the probate accounting—and Surrogate's Court would have subject matter jurisdiction over the trust (*see* SCPA 207, 1421 [4]), personal jurisdiction was never obtained; DSS never filed a claim against the trust or sought to serve or otherwise cite the trustees. "While SCPA 1421 is the procedural vehicle under which to determine rights under EPTL 5-1.1, that statute is related to subject matter jurisdiction and both SCPA 1421 and EPTL 5-1.1 must be subject to the requirements of personal jurisdiction" as well (*Matter of Roy*, 166 AD2d 146, 148 [1991], *lv dismissed* 78 NY2d 1123 [1991]).

In its reply papers, DSS asserts that although process was never served, the trustees voluntarily submitted the trust to the jurisdiction of Surrogate's Court.* Given that the trust is not a named party to the proceeding, and the trustees are not named in their fiduciary capacities, their appearances and the participation in this proceeding by their attorneys cannot be equated with a submission to the court's jurisdiction by the trust (*cf. Matter of Rosenhain*, 151 AD2d 835, 836 [1989]). That an accounting of the trust was submitted by the estate for the

---

* In Surrogate's Court, "[p]ersonal jurisdiction of parties is obtained by service of process upon the parties or by submission to the jurisdiction of the court by waiver of issuance and service of process, appearance of an adult competent party in person or by attorney or by pleading" (SCPA 203).

purposes of calculating decedent's spouse's elective share is also an insufficient basis on which to confer jurisdiction over the nonparty trust.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs, insofar as it held that Surrogate's Court lacked personal jurisdiction over the Margaret Tomeck Irrevocable Trust, and matter remitted to the Surrogate's Court of Saratoga County.

 