■ GEORGE HEATH, Appellant, v JOHN S. WOJTOWICZ et al., Respondents. [851 NYS2d 162]—

Appeal from order, Supreme Court, New York County (Joan A. Madden, J.), entered August 1, 2007, which declined to sign plaintiff's proposed order to show cause, unanimously dismissed, without costs, as taken from a nonappealable paper.

The appeal is dismissed because the court's decision not to sign plaintiff's order to show cause seeking relief in connection with his alleged rights to royalties from the film Dog Day Afternoon based on funds allegedly due and owing to the late defendant John S. Wojtowicz is not appealable (CPLR 5701 [a] [2]; *see M & J Trimming v Kew Mgt. Corp.*, 254 AD2d 21 [1998]).

Were we not dismissing the appeal, we would find that where, as here, a recipient of public assistance benefits, in this case Wojtowicz, owns real or personal property at the time of his death, Social Services Law § 104 permits the seeking of recovery of benefits paid to the decedent within 10 years of death on a theory of implied contract (*see Matter of Bustamante*, 256 AD2d 463 [1998]). The applicable six-year statute of limitations runs from the date of appointment of a fiduciary for the estate (*id.*), and thus, the court correctly determined that inasmuch as Wojtowicz passed away in 2006, the time period for enforcing the Human Resources Administration's lien against his property has not expired. Furthermore, plaintiff's challenges to the manner in which the subject royalties of the film are being distributed are precluded by the doctrine of res judicata (*see New York State Crime Victims Bd. v Abbott*, 247 AD2d 263 [1998], *lv dismissed* 92 NY2d 1001 [1998]; *and see New York State Crime Victims Bd. v Abbott*, 293 AD2d 372 [2002], *lv dismissed*, 98 NY2d 693 [2002]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Friedman, Sweeny and Moskowitz, JJ. [*See* 2007 NY Slip Op 32373(U).]