In an action, inter alia, to recover damages for breach of contract, the defendant Michael S. Pascazi appeals (1) from an order of the Supreme Court, Dutchess County (Brands, J.), dated February 15, 2007, which granted the plaintiffs motion for leave to renew its prior motion, among other things, for leave to amend the eighth cause of action to add a claim for an award of an attorney’s fee against the individual defendants and, upon renewal, granted that branch of the motion, and (2), as limited by his brief, from so much of an order of the same court dated July 2, 2007, as denied his motion to dismiss the eighth cause of action in the third amended complaint insofar as asserted against him and granted that branch of the plaintiffs cross motion which was for an award of an attorney’s fee and sanctions against him.
Ordered that the order dated February 15, 2007 is affirmed; and it is further,
Ordered that the order dated July 2, 2007 is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
Contrary to the appellant’s contention, the Supreme Court did not err in granting the plaintiffs motion for leave to renew its prior motion, among other things, for leave to amend the eighth cause of action to add a claim for an award of an attorney’s fee against the individual defendants. The allegations of the claim were sufficient to plead a cause of action pursuant to Debtor and Creditor Law § 276-a. Moreover, the plaintiffs delay in seeking leave to amend was not inordinate and, in any event, was reasonably excused by the filing of a bankruptcy petition against the defendant Fiber Optek Interconnect Corp. (hereinafter Fiber Optek), which triggered an automatic bankruptcy stay and thus precluded indefinitely litigation of the plaintiff’s attorney’s fee claim against Fiber Optek, the corporate debtor.
The Supreme Court also properly denied the appellant’s subsequent motion to dismiss the eighth cause of action in the third amended complaint insofar as asserted against him. Contrary to his contention, the eighth cause of action was not time-barred based on the two-year limitations period contained in CPLR 214 (2). Rather, as the plaintiff correctly argues, Debtor *606 and Creditor Law § 276-a is subject to the six-year statute of limitations applicable to Debtor and Creditor Law § 276 (cf. Metzger v Yuenger Woodworking Corp., 33 AD3d 678, 679 [2006]).
The Supreme Court providently exercised its discretion in granting that branch of the plaintiffs motion which was for an award of an attorney’s fee and sanctions against the appellant (see 22 NYCRR 130-1.1 [a], [c] [2]; Matter of Mancuso, 48 AD3d 570 [2008]).
The appellant’s remaining contentions are without merit. Prudenti, EJ., Mastro, Fisher and Dillon, JJ., concur.