■ CITICORP TRUST BANK, FSB, Respondent, v LIGERIE L. MAKKAS, et al., Defendants, and LESHOLD REALTY CORP., Appellant. [889 NYS2d 656]—

In a consolidated action, inter alia, to foreclose a mortgage, the defendant Leshold Realty Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange

County (Giacomo, J.), dated May 7, 2008, as granted that branch of the plaintiff's motion which was for summary judgment dismissing its causes of action, counterclaims, and defenses.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment dismissing the causes of action, counterclaims, and defenses of Leshold Realty Corp. to the extent that they are predicated upon Debtor and Creditor Law § 276, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On December 28, 1993, Leshold Realty Corp. (hereinafter Leshold) commenced a proceeding against Angelo Makkas (hereinafter Angelo) seeking, inter alia, to evict him from commercial premises he operated as a diner, and to obtain a judgment for rent arrears. On March 31, 1994, while the eviction proceeding was still pending, Angelo transferred title to his personal residence, the property at issue on this appeal, to his brother Konstaneinous Makkas (hereinafter Konstaneinous). Shortly thereafter, Leshold obtained a judgment against Angelo in the principal sum of $67,120.75, which was docketed in the Orange County Clerk's Office on September 16, 1994. More than three years later, on October 21, 1997, Konstaneinous transferred title to the residence to Angelo's daughter, Ligerie Makkas (hereinafter Ligerie). Travelers Bank and Trust, FSB, now known as Citicorp Trust Bank, FSB (hereinafter the bank) subsequently loaned the sum of $119,651 to Ligerie, which was secured by a mortgage on the Makkas residence.

Leshold's president claims that he was unaware that Angelo had transferred title to the subject residence until November 2001, when he noticed a "For Sale" sign on the front lawn, which prompted him to check the records of the Orange County Clerk's office to confirm whether Angelo was still the owner. Thereafter, by summons and complaint filed on May 9, 2002, Leshold commenced an action pursuant to Debtor and Creditor Law article 10 seeking to set aside both the 1994 and 1997 conveyances as fraudulent. Angelo, Konstaneinous, Ligerie, and the bank were all named as defendants in Leshold's action. Ligerie subsequently defaulted on her payment obligations to the bank, and the bank commenced the present action to foreclose the mortgage on the Makkas residence against several defendants, including Ligerie and her immediate predecessor in title, Konstaneinous. Leshold was also included as a defendant in the foreclosure action based as its status as holder of a judgment against Angelo. In its answer in the foreclosure action,

Leshold alleged as an affirmative defense that its judgment against Angelo was a lien against the Makkas residence by virtue of its pending action to set aside the intra-family conveyances as fraudulent, and that its judgment was superior to the bank's mortgage lien.

After depositions were conducted, the bank moved, inter alia, to consolidate the fraudulent conveyance action with the foreclosure action and, upon consolidation, to award it summary judgment dismissing all of Leshold's causes of action, counterclaims, and defenses. In support of its motion, the bank contended that Leshold's claim that the 1994 prejudgment transfer of the Makkas residence from Angelo to Konstaneinous constituted a fraudulent conveyance was time-barred by CPLR 213 (8), which requires an action alleging fraud to be commenced within six years of the date the cause of action accrued, or within two years of the date the fraud was discovered, or could with reasonable diligence have been discovered, whichever is longer. In opposition to the motion, Leshold's president submitted an affidavit in which he averred that, by checking the records of the Orange County Clerk's Office, he had confirmed that Angelo was the owner of the Makkas residence at or about the time that Leshold commenced its eviction proceeding in December 1993. Furthermore, after Leshold obtained the judgment, he continued to see Angelo and other members of the Makkas family at the residence on a regular basis, and was not aware that Angelo had transferred title to his brother. The Supreme Court granted the bank's motion in its entirety, concluding that Leshold's fraudulent conveyance claims were time-barred because it had failed to show that it could not have discovered, with the exercise of reasonable diligence, the alleged fraudulent conveyance of the residence from Angelo to Konstaneinous earlier than two years before it commenced the action alleging fraudulent conveyance. We modify.

Leshold's claims and defenses are predicated upon both constructive fraud (*see* Debtor and Creditor Law §§ 273, 273-a) and actual fraud (*see* Debtor and Creditor Law § 276). Constructive fraud claims predicated upon Debtor and Creditor Law §§ 273 and 273-a, are governed by the six-year statute of limitations set forth in CPLR 213 (1), and arise at the time that the alleged fraudulent conveyance is made (*see Ehrler v Cataffo*, 42 AD3d 424, 425 [2007]; *Metzger v Yuenger Woodworking Corp.*, 33 AD3d 678, 679 [2006]; *Wall St. Assoc. v Brodsky*, 257 AD2d 526, 530 [1999]). Since Leshold's constructive fraud claims are predicated upon Angelo's transfer of his residence to his brother Konstaneinous, they accrued on March 31, 1994, when that

conveyance was made, and were time-barred when interposed by the filing of Leshold's action on May 9, 2002.

In cases of actual fraud, however, a claim is timely if brought either within six years of the date that the fraud or conveyance occurs, or within two years of the date that the fraud or conveyance is discovered or should have been discovered, whichever is longer (*see* CPLR 203 [g]; *Ehrler v Cataffo*, 42 AD3d 424, 425; *Metzger v Yuenger Woodworking Corp.*, 33 AD3d at 679; *Wall Street Assoc. v Brodsky*, 257 AD2d at 530; *Barristers Abstract Corp. v Caulfield*, 203 AD2d 406 [1994]; *Leone v Sabbatino*, 235 AD2d 460, 461 [1997]). "The two-year period begins to run when the circumstances reasonably would suggest to the plaintiff that he or she may have been defrauded, so as to trigger a duty to inquire on his or her part" (*Pericon v Ruck*, 56 AD3d 635, 636 [2008]; *Saphir Intl., SA v UBS PaineWebber Inc.*, 25 AD3d 315, 316 [2006]; *Prestandrea v Stein*, 262 AD2d 621 [1999]). The failure to ascertain that an allegedly fraudulent conveyance has occurred through the inspection of public records is not a basis for imputing knowledge of the fraud in the absence of circumstances that would require the plaintiff to investigate (*see Guedj v Dana*, 11 AD3d 368 [2004]; *McGuinness v Standard Drywall Corp.*, 193 AD2d 518 [1993]; *Azoy v Fowler*, 57 AD2d 541, 542 [1977]). "Where it does not conclusively appear that a plaintiff had knowledge of facts from which the fraud could reasonably be inferred, a complaint should not be dismissed on motion and the question should be left to the trier of the facts" (*Trepuk v Frank*, 44 NY2d 723, 725 [1978]; *see Oggioni v Oggioni*, 46 AD3d 646, 649 [2007]).

To the extent that Leshold's claims and defenses allege actual fraud based upon the October 21, 1997, conveyance of the residence, they are not barred by the statute of limitations because they were interposed within six years of that conveyance. Moreover, to the extent that Leshold's claims allege actual fraud based upon the March 31, 1994, conveyance of the residence, the bank failed to conclusively demonstrate, as a matter of law, that Leshold's president had knowledge of facts which would have put him on notice of fraud more than two years prior to the interposition of its claims, and triggered a duty to inquire (*see Trepuk v Frank*, 44 NY2d at 725; *Pericon v Ruck*, 56 AD3d at 636-637; *Ehrler v Cataffo*, 42 AD3d at 425; *Metzger v Yuenger Woodworking Corp.*, 33 AD3d at 680; *Miller v Polow*, 14 AD3d 368, 369 [2005]; *cf. Sabbatini v Galati*, 43 AD3d 1136, 1140 [2007]). Contrary to the bank's contention, nonpayment of a judgment does not, standing alone, provide such notice. Accordingly, to the extent that Leshold's claims and defenses are

predicated upon actual fraud (*see* Debtor and Creditor Law § 276), they should not have been dismissed as time-barred. Rivera, J.P., Florio, Eng and Leventhal, JJ., concur.