■ ROBERT CHRISTOPHER, as Commissioner of Social Services of Saratoga County, Appellant, v EDWARD M. TOMECK, as Trustee for THE MARGARET M. TOMECK IRREVOCABLE TRUST, et al., Respondents. [917 NYS2d 751]—

Spain, J.

In 1997, defendant Edward M. Tomeck applied for Medicaid coverage. Plaintiff denied the application, finding that Tomeck and his wife, Margaret M. Tomeck (hereinafter decedent), had excess income and assets. Rather than dispose of the excess resources, decedent chose to file a spousal refusal, which permitted her husband to qualify for coverage but allowed her to keep her excess resources. Decedent died in 2002. In March 2004, plaintiff filed a notice of claim against decedent's estate, seeking reimbursement of the benefits that were paid to decedent's husband for the period between July 1997 and January 2004 on the theory that, by executing the spousal refusal, an implied contract arose between decedent and plaintiff with respect to her obligation to pay for her husband's nursing home care. Plaintiff moved for summary judgment and the estate cross-moved for summary judgment, seeking, among other things, a declaration that Surrogate's Court lacked jurisdiction over the "Margaret M. Tomeck Irrevocable Trust," created by decedent in July 1996, which gave decedent income rights during her lifetime and a limited power of appointment over the trust corpus. The trust was not named as a party to the proceeding.

In January 2005, Surrogate's Court granted summary judgment to decedent's estate, finding that plaintiff had no claim against the estate because no implied contract had been created and the court lacked jurisdiction over the trust. We affirmed on the basis that no implied contract existed (*Matter of Tomeck*, 29 AD3d 156 [2006]). On appeal, the Court of Appeals modified our order, determining that an implied contract did exist between plaintiff and decedent, entitling plaintiff to reimbursement of benefits paid to decedent's husband (*Matter of Tomeck*, 8 NY3d 724 [2007]). The matter was remitted to this Court to reach the jurisdictional question, and we affirmed Surrogate's Court's determination that it lacked personal jurisdiction over the trust and defendants, the trustees and successor cotrustees of the trust, as they were never named parties to the proceeding (*Matter of Tomeck*, 45 AD3d 1242 [2007]).

Plaintiff then—in June 2008—commenced this action in Supreme Court against defendants, in their capacities with regard to the trust, seeking recovery of the Medicaid payments out of the trust's assets on various theories. Defendants answered and asserted, among other things, that the action was barred by the statue of limitations or laches. The action was removed from Supreme Court to Surrogate's Court, where both sides moved for summary judgment. Surrogate's Court awarded summary judgment to defendants on the merits, explicitly choosing not to reach the statute of limitations issue. Plaintiff appeals.

We affirm on the basis that the action is barred by the statute of limitations. Initially, we reject plaintiff's argument that the statute of limitations and laches defenses are unpreserved for appellate review because they were not raised in the prior proceeding against decedent's estate. These defenses were properly asserted before Surrogate's Court by defendants, who were not parties to the prior proceeding, in their verified answer in this independent action.

No dispute exists that, if the six-year statute of limitations for actions upon implied contracts pursuant to CPLR 213 (2) applies to plaintiff's claims premised on decedent's refusal to pay for her spouse's care, then such claims are time-barred because the implied contract arose when decedent executed the spousal refusal in 1997 (see Social Services Law § 366 [3] [a]; Matter of Tomeck, 8 NY3d at 740; Matter of Schneider, 70 AD3d 842, 844 [2010], lv denied 15 NY3d 709 [2010]; Commissioner of Dept. of Social Servs. of City of N.Y. v Fishman, 280 AD2d 396, 398 [2001]). Plaintiff instead asserts that this action is timely because the applicable statute of limitations on their claim is 10 years pursuant to Social Services Law § 104, running from the date of the accounting of decedent's estate filed in November 2003.

We disagree. Social Services Law § 104 does not prescribe a statute of limitations but, rather, creates a 10-year look-back period for benefits paid to a recipient who is later discovered to hold property, giving rise to a claim for reimbursement for such benefits by the Department of Social Services, also based on an implied contract theory (see Social Services Law § 104 [1]; Matter of Bustamante, 256 AD2d 463, 463 [1998]). An action based on this provision has been held to be governed by a six-year statute of limitations running, where the benefit recipient has passed away, from the date of appointment of the fiduciary for the estate (see Heath v Wojtowicz, 48 AD3d 214, 215 [2008], lv denied 10 NY3d 708 [2008]; Matter of Bustamante, 256 AD2d at

463). Here, we find no support for plaintiff's assertion that the statute of limitations for this action commenced when the accounting was filed for decedent's estate. Indeed, plaintiff's claims against the trust either arose when she executed the spousal refusal (*see Commissioner of Dept. of Social Servs. of City of N.Y. v Fishman*, 280 AD2d at 398), or otherwise during her lifetime when she engaged in some allegedly fraudulent or illegal transfer to the trust or, at the latest, when plaintiff learned of some allegedly fraudulent activity (*see* CPLR 203 [g]). As the final transfer of funds to the trust from decedent occurred in 2001 and plaintiff was notified of that transfer in February 2002, plaintiff's claims asserted in June 2008 based on fraud, Debtor and Creditor Law §§ 273, 274, 275 and 276 and EPTL 7-3.1 are all time-barred (*see* CPLR 213 [8]; *Fiber Consultants, Inc. v Fiber Optek Interconnect Corp.*, 56 AD3d 605, 605 [2008]; *Ehrler v Cataffo*, 42 AD3d 424, 425 [2007]; *Durazinski v Chandler*, 41 AD3d 918, 919 [2007]; *State of New York v Cetero*, 233 AD2d 580, 582 [1996]).

Accordingly, the complaint should have been dismissed as untimely.

Peters, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.