WILLIAM M. FLIESS, Individually and as Executor, et al., Appellants, *v.* JOHN C. BUCKLEY, as Administrator, etc., et al., Respondents.

An action is not maintainable by a junior mortgagee to reach surplus moneys arising on sale upon foreclosure of the senior mortgage; notwithstanding the foreclosure, the junior mortgage continues a lien, and as such follows the surplus, and his remedy is to enforce his claim thereto in the court which rendered the judgment of foreclosure.

So, also, as to any other claim to a lien upon the fund, the question as to whether it is a lien, and if so, in what order it should be paid, may be determined in proceedings for the distribution of the surplus, and an independent action is not proper.

In an action to reach surplus moneys, the complaint alleged that plaintiff F. individually held a second mortgage on the premises, and that the plaintiffs as executors held two deficiency judgments arising on foreclosure of mortgages on other premises against defendant B., as administrator with the will annexed, of the mortgagor. The judgment asked was that the amount due F. on his judgment be first paid, and then the two deficiency judgments in preference to the claims of other creditors. On demurrer *held,* that there was a misjoinder of parties plaintiffs, and of causes of action; also that the facts stated did not constitute a cause of action.

*It seems* that the action could not be maintained by plaintiffs in their representative capacity as one to reach equitable interests, as they were not execution creditors.

*It seems,* also, they gained no priority over other creditors of the mortgagor or his estate, because of their judgments being against the administrator; that they could be paid only in due course of administration.

There is no absolute legal obligation on the part of executors and administrators to advertise for claims against the estate ; the notice is for their protection only.

(Argued October 18, 1882 ; decided October 27, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 10, 1881, which affirmed a judgment entered upon an order sustaining a demurrer to plaintiffs' complaint. (Reported below, 24 Hun, 514.)

The action was brought by William M. Fliess, individually, and as executor with Sarah H. Fliess, of the estate of Robert Fliess, deceased. The facts stated in the complaint, and upon which the questions raised by the demurrer turn, are as follows: John Buckley in his life-time, owned in fee three parcels of land in the city of Brooklyn, situated respectively on Clermont avenue, Stuyvesant avenue and Quincy street, and Myrtle avenue. He died on the 21st of May, 1875, leaving only the above property, but surviving him, a wife, Ann C. Buckley, and three sons, Caleb, Ephraim and John. By his will he appointed his wife executrix, and gave to her a life estate in all his property, with remainder to his sons. He executed to different persons, bonds and mortgages upon the . lots above referred to, and all of these, after his death and before the commencement of this action, were prosecuted to judgment

and with one exception had been enforced by sale. The lot on Myrtle avenue, under foreclosure of a first mortgage held by the Brooklyn Savings Bank, through proceedings in the Kings County Court, produced a surplus of $6,868.29 for the distribution of which steps had already been taken by the direction of that court, according to the practice usual in such cases.

The plaintiff William M. Fliess individually held a second mortgage on the Myrtle avenue lot, and upon it judgment was recovered on the 6th of April, 1880. Prior to the foreclosure of the first mortgage, the wife and executrix of John Buckley died, and John C. Buckley was appointed administrator of his father's estate, with the will annexed. Thereafter the plaintiffs herein, as executors of Robert A. Fliess, recovered two deficiency judgments against John C. Buckley, as such administrator, one of $919.22 upon foreclosure of mortgages on the Clermont avenue lot, and another of $1,355.18 upon foreclosure of a mortgage upon the property on Stuyvesant avenue and Quincy street. The defendants Howard & Fuller, as judgment creditors of John C. Buckley, have sold under execution, his individual interest in that lot and the Myrtle avenue lot, and they and other judgment creditors of said Buckley have appeared in the surplus money proceedings, and made claim to the same, or a part thereof. The estates of John Buckley and John C. Buckley are insolvent. The other sons of John Buckley are dead. The plaintiffs dispute the claims of the defendants to payment out of the surplus moneys, and deny their validity. William M. Fliess individually demands judgment that the amount due upon the judgment in his favor upon the mortgage on the Myrtle avenue lot be first paid out of the said surplus. The executors of Robert Fliess demand judgment that the two deficiency judgments in their favor be next paid in preference to any claim other than that of William M. Fliess, either against the estate of John Buckley, or the estate of John C. Buckley. All the plaintiffs also ask that the proceedings in the Kings County Court, above referred to, be stayed.

The defendants Howard & Fuller, and the defendant Goldsmith demur to the complaint upon the grounds, among others,

that parties plaintiff and causes of action have been improperly united, and that facts sufficient to constitute a cause of action are not stated.

*Samuel Hand* for appellants. By demurring to the complaint the defendants admit all its material allegations and if any cause of action is shown therein, the demurrer should be overruled. (*Cutler* v. *Wright*, 22 N. Y. 472; *Levy* v. *Curtis*, 1 Abb. N. C. 189.) This action is maintainable for the reason that the County Court of Kings county, in the proceedings as to surplus moneys, had only jurisdiction to ascertain and determine in regard to liens of record against the mortgaged property from which the surplus arose. (*Union Dime Savings Inst.* v. *Ousley*, 4 Hun, 657; *Husted* v. *Dakin*, 17 Abb. 137; *Kings* v. *Selby*, 10 How. 333; *Bergen* v. *Carman*, 79 N. Y. 146.) Surplus moneys are considered in equity a trust fund, to be held and applied for the benefit of the creditors of the deceased, and to be applied to the payment of their debts, and superior to the claims of devisees of deceased, or persons whose title or claim is derived from such devisees. (*Brevoort* v. *McJinsey*, 1 Edw. Ch. 554, 555; *Clark's Case*, 15 Abb. 227; *Fliess* v. *Buckley*, 22 Hun, 555; *Butts* v. *Genning*, 5 Paige's Ch. 254, 259.) The only remedy the plaintiffs had was this action, in order to make equitable distribution of the surplus. (*Dunning* v. *Ocean Nat. B'k*, 61 N. Y. 497; *Loucks* v. *Van Allen*, 11 Abb. Pr. [N. S.] 527; 22 Hun, 554, 555; *Smart* v. *Bennett*, 4 Abb. Ct. of App. 253.)

*F. E. Dana* for respondents. Parties plaintiff having entirely different and distinct causes of action have been joined in this complaint. (*Fliess* v. *Buckley*, 22 Hun, 551; 24 id. 514; Code, §§ 484, 488.) The only action plaintiffs could bring is one against the heirs and devisees of John Buckley, and such action must be brought against such heirs or such devisees jointly. (3 R. S. [6th ed.] 737, § 42; p. 738, § 60; *Schermerhorn* v. *Barhydt*, 9 Paige, 28; *Stuart* v. *Kissam*, 11 Barb. 271, 283; *Mersereau* v. *Ryerss*, 3 N. Y. 261; *Butts*

v. *Genung,* 5 Paige, 254; *Gere* v. *Clark,* 6 Hill, 350.) The facts stated are not sufficient to constitute a cause of action in favor of the plaintiffs jointly, or of either of them separately. (*Erie R. R.* v. *Ramsey,* 45 N. Y. 637; *Savage* v. *Allen,* 54 id. 458; *Shehan* v. *Hamilton,* 2 Keyes, 304; *Doleson* v. *Pearce,* 12 N. Y. 156–165; *Cummings* v. *Morris,* 25 id. 625; *Pitcher* v. *Hennessey,* 48 id. 415–422; *Winfield* v. *Bacon,* 24 Barb. 154; *Schell* v. *Erie R. R.,* 51 id. 368; *Grant* v. *Quick,* 5 Sandf. 612; *Arndt* v. *Williams,* 16 How. 244; *Bennett* v. *Leroy,* 14 id. 178; *Minor* v. *Webb,* 10 Abb. 284; *McCarthy* v. *Peck,* 9 id. 164; *N. Y. & N. H. R. R.* v. *Schuyler,* 8 id. 239.) The County Court of Kings county has full jurisdiction to foreclose mortgages and distribute the surplus. (Code, § 340, sub. 1, § 348; *Livingston* v. *Meldrum,* 19 N. Y. 440; *Beekman* v. *Gibbs,* 8 Paige, 511; *Mutual Life Ins. Co.* v. *Bowen,* 47 Barb. 618; *Penwick* v. *Macomb,* 1 Hopk. 277; *Union Ins. Co.* v. *Van Rensselaer,* 4 Paige, 85; *Farmers' Loan and Trust Co.* v. *Seymour,* 9 id. 538, 545; *Tower* v. *White,* 10 id. 395; Rule 88 [now Rule 64]; *Schaefer* v. *Reilly,* 50 N. Y. 61; *Bergen* v. *Carman,* 79 id. 148; *Tator* v. *Adams,* 20 Hun, 131; *German Savings B'k* v. *Sharer,* 25 id. 409; *Sweet* v. *Jacobs,* 6 Paige, 355; *Shepard* v. *O'Neil,* 4 Barb. 125; *Snyder* v. *Stafford,* 11 Paige, 77.) No sufficient reason for bringing this action, or invoking the equitable interposition of this court for granting the injunction is shown by the complaint. (*Sweet* v. *Jacocks,* 6 Paige, 355; *Bergen* v. *Carman,* 79 N. Y. 146, 152; *Taintor* v. *Adams,* 20 Hun, 131; *Clarke's Case,* 15 Abb. 227; *Fliess* v. *Buckley,* 22 Hun, 551; *S. C.,* 24 id. 512.) The complainant does not state facts sufficient to constitute a cause of action. (*Mount* v. *Michell,* 31 N. Y. 356; *Covell* v. *Weston,* 20 Wend. 414, 420; *Wilson* v. *Wilson,* 13 Barb. 252; 3 R. S. [6th ed.] 733, § 12; 2 id. 449, § 12; Redfield's Surrogate, 302; *German S. B.* v. *Sharer,* 25 Hun, 409; *Pierce* v. *Alsop,* 3 Barb. Ch. 184; *Wilber* v. *Collier,* id. 437; *Cassidy* v. *Cassidy,* 1 id. 467; *Butts* v. *Genung,* 5 Paige, 254; *Selover* v. *Coe,* 63 N. Y. 438; *Morris* v. *Mowatt,*

2 Paige, 586, 590; *Moore* v. *White*, 6 Johns. Ch. 360, 377.) The surplus on a foreclosure continues real estate. (*Dunning* v. *Ocean Nat. Bk.*, 61 N. Y. 497, 503; *Fliess* v. *Buckley*, 22 Hun, 551; *Selover* v. *Coe*, 63 N. Y. 433; *Butts* v. *Genung*, 5 Paige, 554; *Pierce* v. *Alsop*, 5 Barb. Ch. 184; *Mersereau* v. *Ryerss*, 3 N. Y. 261, 263; *Loucks* v. *Allen*, 11 Abb. [N. Y.] 427; *German S. B.* v. *Sharer*, 25 Hun, 409; 3 R. S. [6th ed.] 117, § 60; id. 108, § 3; p. 117, § 60.) This action, which is on the original debt, could not be brought without leave of the court. (*Collins' Petition*, 17 Hun, 289; 6 Abb. N. C. 227; 2 R. S. 191, § 153; *Equitable L. Ins. Co.* v. *Stevens*, 63 N. Y. 341; *Scofield* v. *Doscher*, 72 id. 441.) A judgment to charge an heir or devisee by reason of land descended or devised to him shall take precedence of a judgment against such heir or devisee for his personal debt. (3 R. S. [6th ed.] 73, § 48; *Pierce* v. *Alsop*, 3 Barb. Ch. 184; *Morris* v. *Mowatt*, 2 Paige, 592.) A judgment creditor who has purchased under his judgment is entitled to the surplus arising from a sale under a prior mortgage. (*Shepard* v. *O'Neil*, 4 Barb. 125; *Snyder* v. *Stafford*, 11 Paige, 71; *Husted* v. *Dakin*, 17 Abb. 137; *Bissell* v. *Payne*, 20 Johns. 3; *Evertsen* v. *Sawyer*, 2 Wend. 510; *Schermerhorn* v. *Merrill*, 1 Barb. 518.)

Danforth, J.   We concur with the court below in the opinion that the demurrer was well taken. *First*, As to William M. Fliess: Notwithstanding the foreclosure of the first mortgage on the Myrtle avenue lot, his mortgage continued a lien, and, as such, followed the surplus into the hands of the county treasurer. His remedy, therefore, was to enforce his claim, in the court by whose directions the foreclosure had taken place. He requires no other action, nor has he any interest in the relief sought by the other plaintiffs. He fails, therefore, upon both grounds. *Second*, As to the claims of William M. Fliess and Sarah Fliess as executors of the will of Robert A. Fliess. 1st. The learned counsel for the appellants disclaims any intention to charge the devisees of John Buckley personally, but declares

" the action is *in rem* to apply the fund to the parties whose superior equity entitles them to it." It is precisely this object which the proceedings already pending in the court will attain, if it is limited to those claimants who have in any form a lien upon the fund, or who, by virtue of any lien upon the land, are entitled to follow its proceeds. We see no difficulty in having it determined by the referee therein, whether their judgments are liens upon the fund, and if they are, in what relative order they should be paid. So, also, the claims of the defendants: They too are open, not only to observation, but to attack, and any questions which could be raised in an independent or original action can be raised before the referee, and be determined with like effect. (*Beekman* v. *Gibbs*, 8 Paige's Ch. 511 ; *Bergen* v. *Carman*, 79 N. Y. 146 ; *Dunning* v. *Ocean Nat. Bank*, 61 id. 497.) It is certainly difficult to see in what manner, if at all, the executors of Robert Fliess have acquired such lien, and it is argued in behalf of the appellants that for that very reason this action is made necessary. But what can it affect? The plaintiffs are not execution creditors; as such, therefore, they can reach no equitable interests. They gain no priority over other creditors of John Buckley or his estate, by virtue of their judgments, and can be paid only in due course of administration. (*Adsit* v. *Butler*, 87 N. Y. 585 ; *Schmitz* v. *Langhaar*, 88 id. 503.)

The allegation, that the administrators of John Buckley have not advertised for claims against his estate, is immaterial. The notice is for the protection of the administrators, and there is no absolute legal obligation to give it at all. (*Bullock* v. *Bogardus*, 1 Denio, 276.) Other points have been argued and examined. They are found to be without substance. We discover no ground upon which, in any aspect, this action can be maintained by either plaintiff, and think the judgment appealed from should be affirmed.

All concur, except RAPALLO, J., absent.

Judgment affirmed.