## VELTEN *v.* VOGT et al.

*(Supreme Court, General Term, First Department. June 19, 1888.)*

COURTS—JURISDICTION—DISTRIBUTION OF FUNDS IN THE HANDS OF THE COURT.
     A testator devised mortgaged premises to his wife for life, remainder to his children and a step-daughter. On foreclosure sale, a surplus was left after satisfying the mortgage debt. The purchaser, upon repayment of the purchase money with interest and expenses, conveyed the premises under order of court to the committee in lunacy of the widow, who, upon her discharge, conveyed to the widow herself to receive the rents during her life, and upon her death the land was to be held subject to the further order of the court. *Held*, that the court has jurisdiction, upon the death of the widow, of an action by the heir of the step-daughter against the heirs of the widow praying for a distribution of the money invested in such realty, it being in the custody of the court.

Appeal from special term, New York county.

Action by Eberhart Velten against John H. Vogt, George Vogt, and Emma C. Witchen, praying for sale of land descended to defendants from their mother, and for distribution of the proceeds. Interlocutory judgment for plaintiff, and defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Alfred Steckler*, for appellants. *Richard Budenseng, Jr.*, for respondent.

VAN BRUNT, P. J.  In January, 1850, Henry Vogt died seized of certain premises at the corner of Forty-Third street and Tenth avenue in this city. He left him surviving his widow, afterwards known as Ann Gertrude Brenning, and his two minor sons, George Vogt and John Henry Vogt, as his only heirs at law and next of kin.  By his last will and testament said Henry Vogt devised said premises to his wife during her life, and upon her death to his children born and to be born, and to his step-child, Louisa Dichman.  At the time of the death of the testator the said premises were incumbered by a mortgage of $2,000.  Louisa Dichman married the plaintiff in 1859, and in 1860 died intestate, leaving her surviving her child, Louisa Velten, Jr., the only issue of her marriage.  Louisa Velten, Jr., died in March, 1861, leaving her surviving her father, the plaintiff.  In 1862 the $2,000 mortgage above mentioned was foreclosed in an action in which the plaintiff and the defendants and the life-tenants were made defendants, and the premises sold, and a deed thereof delivered to one E. C. Heinrich Kugeler.  The said Kugeler, subsequent to said purchase, gave a mortgage upon said premises of $3,000. Prior to the foreclosure of this mortgage the said Ann Gertrude Brenning had become a lunatic, and one Asmuth Kuschmann had been appointed the committee of her person and estate.  There resulted a surplus of $2,200.15, on said foreclosure, and in August, 1862, said Kuschmann, as such committee, instituted proceedings for the distribution of the same, and such proceedings were thereupon had that the referee who had been duly appointed reported that the surplus should be invested, and the income thereof paid to the committee of the widow, and after her death the principal of the fund should be paid as directed by the will of Henry Vogt, deceased.  It further appeared from said report that the purchaser of the property at the foreclosure sale was willing that the property should be bought for the benefit of the estate of Henry Vogt, deceased, on payment of the amount of the purchase money paid by him, and interest thereon, and his expenses, and that it would require $1,407.55 to repay that amount, he having received $3,000 on mortgage; and the referee recommended that such amount of the purchase money should be invested in the purchase of the property; and upon said report, in December, 1862, the court made an order confirming the same, and directed that the said surplus moneys be invested and the interest thereof paid to the committee of said Ann Gertrude Brenning during her life, and that upon her death the investment be kept without being paid out or distributed until the further order of the court.  It was further ordered that said committee take and receive a conveyance of said premises in the form of a deed annexed to said report, and the court directed the application of $1407.55 of said surplus to the payment of said consideration for said deed.  In pursuance of said order said sum was paid to the purchaser of said premises, and he conveyed the same to said committee, as trustee in trust, to receive the rents during the life of Ann Gertrude Brenning, and apply the same to her use and benefit, and upon her death to hold the same subject to the further direction of the court.  In March, 1870, Ann Gertrude Brenning was discharged from lunacy, and her committee made application to determine the rights of the owners to said premises, and such proceedings were thereupon had that an order was made in May, 1870, whereby it was ordered that said committee convey the said premises to said Ann Gertrude Brenning, subject to the conditions contained in the deed to said committee, and on the 15th of May, 1870, said committee, in consideration of one dollar, conveyed said premises to said Brenning, subject, however, to all the conditions contained in the deed to said committee, among which conditions it was provided that the grantee, upon the death of said Brenning, should hold the said premises subject to the further order of the court.  In April, 1886, Ann Gertrude Brenning died, leaving the defendants George Vogt, John Henry Vogt, and Emma C. Witchen, her children, her only heirs at law, who took possession of the premises in

question, and claimed to dispose of the same as the heirs of their mother. The plaintiff, claiming an interest in the premises in question as heir of his deceased daughter, commenced this action, praying, among other things, for a sale of these premises, and a division of the proceeds. The cause was tried at special term, and resulted in an interlocutory judgment in favor of the plaintiff, from which judgment this appeal is taken.

The defendants claim that the court had no jurisdiction, as the action is not ejectment, and, if it is to be deemed an action of partition, it cannot be maintained, because the plaintiff is not in actual or constructive possession. We think that the learned counsel has entirely mistaken the scope of the action in question. It is neither an action of ejectment nor is it an action in partition. It is merely an action to reach surplus moneys which have become invested in property, which parties not parties to the foreclosure suits have become possessed of, and claim title to, and possession of which can only be acquired by action, and a restoration of the fund can only be secured by a sale of this property, clearly distinguishing this case from that of *Fliess* v. *Buckley*, 90 N. Y. 286, in which it was held that an action would not lie for the distribution of surplus moneys. The plaintiff, as heir of his deceased child, was entitled to a share in these surplus moneys upon the death of the life-tenant. A portion of these surplus moneys had been invested by order of the court in the premises in question pending the life of the life-tenant, upon her death to await the further order of the court. These surplus moneys are in the hands and custody of the court, and always have been. The very terms upon which Mrs. Brenning took the title provided that upon her death they should be disposed of as the court might direct; and the claim of her heirs that they are entitled to seize upon and keep these surplus moneys, and deprive the court of their custody simply because they have been intrusted to Mrs. Brenning during her life, is one of the most audacious claims that we have ever seen attempted to be sustained in a court of justice. The court will take into its custody, in who ever hands it finds them, funds belonging to it, and distribute them according to the rights of the parties therein. The plaintiff need not have brought any action at all, but could have applied, upon the death of the life-tenant in the action in which the orders directing the investment were made, for a distribution of the surplus, and the court would have made such order as it deemed proper. The judgment appealed from should be affirmed with costs.

DANIELS and BRADY, JJ., concurring.