■ RELIANCE FEDERAL SAVINGS & LOAN ASS'N. OF NEW YORK, Plaintiff, v VENET HOMES, INC., Appellant, and CAPRI KITCHEN CABINET MANUFACTURING COMPANY, INC., et al., Respondents, et al., Defendants.—In an action to foreclose a mortgage, in which a referee rendered a report concerning the surplus moneys, defendant Venet Homes, Inc., appeals from an order of the Supreme Court, Queens County, dated January 27, 1977, which, *inter alia,* denied its motion to disaffirm the report and granted respondents' applications to confirm the report. Order affirmed, with costs. Respondents, holders of mechanics' liens, were made party defendants, as junior lienors, in this action to foreclose a mortgage. This was some 10 months after the filing of their liens. Since these liens had been on file for less than one year at the time the foreclosing party, the plaintiff, filed a notice of pendency of its action, the action was also deemed to be one to enforce the said mechanics' liens (see Lien Law, § 17). There was, therefore, no necessity for respondents, within one year after the filing of their liens, to bring plenary actions to foreclose them (nor to serve cross complaints in the pending foreclosure action), as a condition to participating in the surplus money proceeding. The time limits contained in section 17 of the Lien Law and CPLR 6513 only relate to liens against the real property, and not to claims in a surplus money proceeding where the claimants held valid liens at the time they were made party defendants in the foreclosure action (see Real Property Actions and Proceedings Law, § 1361; Lien Law, §§ 31, 44; 2 Harvey, Law of Real Property and Title Closing, § 526, pp 883–884). Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.

■ SCANDINAVIAN AIRLINES SYSTEM, INC., Appellant, v LOCAL 295, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Respondent.—In a proceeding to stay arbitration, petitioner appeals from an order of the Supreme Court, Queens County, dated November 9, 1976, which directed the parties to proceed to arbitration forthwith. Order affirmed, with $50 costs and disbursements. Petitioner has failed to rebut the "presumption of arbitrability" (see *Matter of Howard & Co. v Daley,* 27 NY2d 285). The dispute between the parties is a subject for arbitration. Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.