■ GREENPOINT SAVINGS BANK, Plaintiff, v CHERYLE KIJIK, Appellant, MARINE MIDLAND N.A., Respondent, et al., Defendants. [746 NYS2d 600]

In 1992 the appellant defaulted in payment on both her first mortgage, held by the plaintiff, and her second mortgage, held by the respondent Marine Midland N.A. The plaintiff commenced this action to foreclose its mortgage, naming the appellant and the respondent, among others, as defendants. After foreclosure and sale of the property, a surplus was realized, and that money was deposited with the Treasurer of Suffolk County in July 1995. In August 2000 the respondent moved pursuant to RPAPL 1361 to obtain the surplus money since its lien exceeded the amount of the surplus funds. The appellant, who also asserted a claim to the surplus money as the owner of the equity of redemption, opposed the motion, contending that the respondent's claim was time-barred. After a reference, the Supreme Court granted the motion. We reverse.

In *Allerwan Co. v Hermann* (262 NY 625), the Court of Appeals held that a second mortgagee's claim to surplus money was time-barred under the then-existing statute of limitations governing an action on a bond or mortgage. Similarly here, because the respondent moved to obtain the surplus money more than six years after the appellant defaulted on the second mortgage (*see* CPLR 213 [4]), its claim is time-barred (*see Allerwan Co. v Hermann, supra; but see Dime Sav. Bank of N.Y. v Boklan,* 1989 WL 35946 [ED NY]). Altman, J.P., S. Miller, McGinity and Schmidt, JJ., concur.