■ Astoria Caterers, Inc., Respondent, v J&P 1870 Realty Corp. et al., Appellants. [806 NYS2d 242]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Kings County (Kramer, J.), dated August 17, 2004, which, upon the granting of that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action to recover damages for breach of contract and, after a nonjury trial on the issue of damages, is in favor of the plaintiff and against them in the principal sums of $750,000 as and for damages and $55,000 as and for an attorney's fee.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding the plaintiff the principal sum of $750,000 as and for damages and substituting therefor a provision awarding the plaintiff the principal sum of $350,000 as and for damages; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The plaintiff commenced this action, inter alia, to recover damages for breach of contract arising from a 25-year lease containing an option to purchase property located on Bath Avenue in Brooklyn. In 1998 the plaintiff exercised its option to purchase under the lease at a purchase price of $750,000. The defendant owner, J&P 1870 Realty Corp. (hereinafter J&P), was unable to convey marketable title due to a foreclosure proceeding against the property pending since 1992. The lease provided, inter alia, that in the event the plaintiff exercised its option and the defendant was unable to convey marketable title, the plaintiff would pay in monthly rent the lesser of the amount of the monthly rent provided under the terms of the lease or the sum of $11,000, until such time that J&P could convey marketable title.

In 2002 the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability under the breach of contract cause of action, and directed a trial to determine the measure of damages. Thereafter, in 2003, the property was foreclosed and sold for $1,500,000 to a related corporation of the plaintiff. In 2004, the damages trial was held and the plaintiff's expert appraiser testified that the value of the property at the time of the breach was $1,100,000. The court determined that the proper measure of damages was the difference between what the plaintiff would have had to pay in rent under the lease and the rental cap from the date of the breach, with a cap on damages of $750,000.

The court erred in basing its measure of damages on the rental provisions of the lease. The lease only contemplated damages with respect to the option to purchase if J&P could not convey marketable title at the time of the exercise of the option, but would be able to convey marketable title at a later date. Yet, as a result of the foreclosure, the plaintiff lost its bargained-for right to purchase the property for the sum of $750,000 at any time. To this end, under the circumstances of this case, the proper measure of damages is that which is based on a breach of a contract for the purchase of real property, rather than on the rental provisions of the lease. The proper measure of dam-

ages in an action to recover damages for the breach of a contract for the purchase of real property is the difference between the contract price and the market value at the time of the breach, together with a reasonable attorney's fee and other expenses necessarily incurred in reliance upon the contract, with interest from the date of the breach (see Mohen v Mooney, 205 AD2d 670, 671 [1994]; Lotito v Mazzeo, 132 AD2d 650, 651 [1987]). Here, the contract price was $750,000, and the record establishes that the market value of the property at the time of the breach was $1,100,000. Therefore, the proper award of damages for the plaintiff to receive the benefit of its bargain is $350,000 (see BSL Dev. Corp. v Broad Cove, 178 AD2d 394 [1991]), and the judgment is modified accordingly. The interest on the sum of $350,000 from the date of the breach must be calculated, and thus we remit the matter to the Supreme Court, Kings County.

The parties' remaining contentions are without merit or have been rendered academic in light of the foregoing. Adams, J.P., S. Miller, Ritter and Rivera, JJ., concur.