■ JOHN BENNARDO et al., Respondents, v DEL MONTE CATERERS, INC., et al., Defendants, and J&P 1870 REALTY CORP., Appellant. ASTORIA CATERERS, INC., et al., Nonparty Respondents. [811 NYS2d 434]—

In an action to foreclose a mortgage, the defendant J&P 1870 Realty Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated September 30, 2004, as denied that branch of its motion which was to direct the receiver of the subject property to release to it surplus money from the sale of the property, granted those branches of the cross motion of Astoria Caterers, Inc., and Catz Realty Corp., which were to stay all proceedings in the instant action until the entry of a final judgment in an action entitled *Astoria Caterers v J&P 1870 Realty Corp.*, pending in the Supreme Court, Kings County, under index No. 44717/99, and to direct the receiver to deposit the balance of the funds in his possession in an account controlled by the Clerk of the Supreme Court, Kings County, and referred the matter to the referee to ascertain and report the amount of the surplus money due to Astoria

Caterers, Inc., and Catz Realty Corp., the priority of their claims, and the distribution of the surplus money.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to Astoria Caterers, Inc., and Catz Realty Corp., payable by J&P 1870 Realty Corp.

On March 9, 1989 Del Monte Caterers, Inc. (hereinafter Del Monte), mortgaged its commercial property located at 1870 Bath Avenue in Brooklyn, to MIF Realty Corp (hereinafter MIF) to secure the sum of $428,000. Del Monte obtained a second and third mortgage from Frank Catapano in the sums of $50,000 each. Thereafter, Catapano paid $48,261 in real estate taxes on the property after MIF refused to do so. Del Monte defaulted on all three mortgages in 1991.

In April 1992 MIF commenced a mortgage foreclosure action, naming as a defendant, among others, Frank Catapano. Catapano answered and asserted counterclaims against MIF, requesting that any sale of the property be made subject to his priority, and alleging that MIF was unjustly enriched by his real estate tax payments. In 1993 Catapano foreclosed on the $50,000 third mortgage. The property was sold in February 1996 to Anthony Safonte subject to the first and second mortgage. Safonte assigned his bid to the appellant, J&P 1870 Realty Corp. (hereinafter J&P). Catapano assigned his interest in the second mortgage to Catz Realty Corp. (hereinafter Catz).

Thereafter, on March 26, 1996, Astoria Caterers, Inc. (hereinafter Astoria), entered into an agreement with J&P to lease the subject property as a catering hall. The lease term was 25 years, and the agreement contained an option to purchase whereby Astoria was granted the right, inter alia, to purchase the property for the sum of $750,000, if exercised within 30 months from the date of commencement of the lease.

In December 1996 MIF assigned the first mortgage to the plaintiffs, John Bennardo, Sandra Bennardo, and Lillian Bennardo. By order of the Supreme Court, Kings County, dated March 25, 1997, the Bennardos were substituted for MIF as the plaintiffs in the mortgage foreclosure action, and a receiver was appointed for the subject property.

On February 5, 1998 Astoria exercised its option to purchase the property for the sum of $750,000. Due to the foreclosure action, J&P was unable to convey marketable title and did not close within 90 days. As a result, Astoria commenced an action against J&P to recover damages for breach of contract and for specific performance of the option, alleging that it exercised its option to purchase in writing but

J&P failed to perform (*see Astoria Caterers v J&P 1870 Realty Corp.,* Supreme Court, Kings County, index No. 44717/99). By judgment dated August 17, 2004, the Supreme Court, Kings County, determined that J&P breached the contract and awarded Astoria the principal sum of $750,000 in damages. On appeal, this Court reduced the damage award to the sum of $350,000 (*see Astoria Caterers, Inc. v J&P 1870 Realty Corp.,* 24 AD3d 478 [2005]).

In 2002 Catz commenced a separate foreclosure action against J&P in the Supreme Court, Kings County, entitled *Catz Realty Corp. v J&P 1870 Realty Corp.,* under index No. 38350/2002. J&P never moved to dismiss this action as time-barred under CPLR 213 (4). Catz obtained a default judgment against J&P and a receiver was appointed. In August 2003 the foreclosure sale took place in the Bennardos' foreclosure action and the property was purchased by Klara Kerzhner for the sum of $1,500,000. The referee's report of sale, dated September 19, 2003, indicated that after the sale, there was surplus money in the sum of $322,209.16. The report of sale was not confirmed.

As a result of the foreclosure and sale, Catz's separate foreclosure action was withdrawn by stipulation. Shortly thereafter, Catz filed a notice of claim to the surplus money.

Under the particular circumstances of this case, the claim to the surplus money by the second mortgagee, Catz, is not time-barred under CPLR 213 (4) (*see Dime Sav. Bank of N.Y. v Boklan,* 1989 WL 35946, 1989 US Dist LEXIS 3794 [ED NY, Apr. 3, 1989]; *In re Garcia,* 167 BR 341, 345-346 [1994]). Catz's predecessor-in-interest, Catapano, participated in the foreclosure action of the first mortgagee, commenced in 1992, by answering the complaint and asserting counterclaims. Thus, Catapano's participation in the first mortgagee's foreclosure action placed all parties on notice of his claim as the second mortgagee (*see Dime Sav. Bank of N.Y. v Boklan, supra*; *In re Garcia, supra*). Although Catz commenced a separate foreclosure action in 2002, more than six years after the default on the second mortgage, J&P appeared in that action and did not move to dismiss the action as time-barred. Moreover, once Catz's lien upon the property was extinguished due to the foreclosure and sale, it filed its notice of claim to the surplus money (*see Nutt v Cuming,* 155 NY 309 [1898]; *Fliess v Buckley,* 90 NY 286 [1882]). Based on the facts herein, *Allerwan Co. v Hermann* (262 NY 625 [1933]) and *Greenpoint Sav. Bank v Kijik* (297 AD2d 359 [2002]) are not inconsistent with our determination. Therefore, the

Supreme Court properly determined that Catz's claim was not time-barred (*see Dime Sav. Bank of N.Y. v Boklan, supra; In re Garcia, supra*).

Additionally, the Supreme Court properly determined that Astoria had a viable claim to the surplus money based on its judgment in the action entitled *Astoria Caterers v J&P 1870 Realty Corp.,* which, at the time this appeal was perfected, had not been docketed. Although J&P correctly contends that Astoria's judgment is not a lien that attaches to the land where it will be docketed after the delivery of the deed upon foreclosure, but before confirmation of the report of sale, Astoria may nevertheless share pro rata in the surplus money as a judgment creditor, with similarly situated parties, without priority (*see Warwick Sav. Bank v Long Is. Ch. Knights of Columbus Social Serv., Inc.,* 253 App Div 276 [1938]; *Sadow v Poskin Realty Corp.,* 63 Misc 2d 499, 505 [1970]; *Anderman v 1395 E. 52nd St. Realty Corp.,* 60 Misc 2d 437 [1969]).

We note that upon referral to the referee to ascertain and report the amount of the surplus money due to Astoria and Catz, which have both filed notices of claim to the surplus money, Astoria's claim, which is based on lessee ouster, should be considered in light of our determination as to the proper measure of damages in *Astoria Caterers, Inc. v J&P 1870 Realty Corp.* (24 AD3d 478 [2005], *supra*). Schmidt, J.P., Rivera, Skelos and Lifson, JJ., concur.