Maspeth Fed. Sav. & Loan Assn. v O'Connell (2023 NY Slip Op 06037)

Maspeth Fed. Sav. & Loan Assn. v O'Connell

2023 NY Slip Op 06037

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-01357
 (Index No. 714302/20)

[*1]Maspeth Federal Savings and Loan Association, plaintiff, 
v
Richard O'Connell, respondent, Citibank, N.A., appellant.

David A. Gallo & Associates, LLP, Manhasset, NY (Robert M. Link of counsel), for appellant.
Law Offices of Perry Tan Tischler, P.C., Bayside, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Citibank, N.A., appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated February 15, 2022. The order denied that defendant's motion to confirm a referee's report ascertaining the amount and priority of claims by it and the defendant Richard O'Connell to surplus funds and finding that it was entitled to the surplus funds, and to direct the distribution of the surplus funds to it, and granted the cross-motion of the defendant Richard O'Connell to reject the referee's report and to distribute the surplus funds to him.
ORDERED that the order is reversed, on the law, with costs, the motion of the defendant Citibank, N.A., to confirm the referee's report ascertaining the amount the amount and priority of claims by it and the defendant Richard O'Connell to surplus funds and finding that it was entitled to the surplus funds, and to direct the distribution of the surplus funds to it is granted, the cross-motion of the defendant Richard O'Connell to reject the referee's report and to distribute the surplus funds to him is denied, and the matter is remitted to the Supreme Court, Queens County, for the entry of an order directing the New York City Department of Finance to distribute the surplus funds to Citibank, N.A.
In May 2002, the defendant Richard O'Connell (hereinafter the defendant) executed a mortgage on certain real property located in Douglaston (hereinafter the subject property) in favor of the plaintiff, Maspeth Federal Savings and Loan Association (hereinafter the priority mortgage).
In January 2006, the defendant entered into a home equity line of credit agreement with the defendant Citibank, N.A. (hereinafter Citibank), which was secured by a mortgage on the subject property (hereinafter the subordinate mortgage).
In 2009, the plaintiff commenced this action against the defendant and Citibank to foreclose the priority mortgage. On December 9, 2015, a judgment of foreclosure and sale was entered in this action. Also in 2009, Citibank commenced a separate action against the defendant to foreclose the subordinate mortgage. On May 22, 2017, a judgment of foreclosure and sale was entered in that action.
Pursuant to the judgment of foreclosure and sale entered in this action, the subject property was sold, resulting in a surplus in the sum of $ 376,304.44 (hereinafter the subject surplus funds). On July 10, 2018, Citibank filed a notice of claim to the subject surplus funds by virtue of its subordinate mortgage. In January 2019, the defendant, as owner of the equity of redemption, also filed a notice of claim to the surplus funds.
The Supreme Court appointed a referee to ascertain and report on the proper distribution of the subject surplus funds. In a report dated August 1, 2019, the referee recommended, inter alia, that the subject surplus funds be awarded to Citibank, as its claim was entitled to priority over the defendant's claim and was not barred by the statute of limitations or RPAPL 1301.
Citibank moved to confirm the referee's report and to direct the distribution of the subject surplus funds to it. The defendant opposed Citibank's motion and cross-moved to reject the referee's report and to direct the distribution of the subject surplus funds to him.
By order dated February 15, 2022, the Supreme Court denied Citibank's motion and granted the defendant's cross-motion, awarding the full amount of the subject surplus funds to the defendant. The court determined, in relevant part, that although a second lien generally follows the surplus, as Citibank chose to commence a separate foreclosure action and obtained a judgment of foreclosure and sale in that action, it cannot now seek to recover the subject surplus funds in this action. Citibank appeals. We reverse.
"'[S]urplus money proceedings . . . are not collateral to the foreclosure, but are in the action itself[,] [a]nd the rights of lienors subsequent to the mortgage under foreclosure are before the court and must be protected as much as those of the owner of the property'" (Wells Fargo Bank, N.A. v Breuer, 203 AD3d 1103, 1105, quoting NYCTL 1997-1 Trust v Stell, 184 AD3d 9, 14 [internal quotation marks omitted]; see Davison v MacDonald, 124 Misc 726, 728 [Sup Ct, Kings County], affd 216 App Div 759). "'Surplus money from a foreclosure sale is not a general asset of the owner of the equity of redemption, but stands in the place of the property for the purpose of distribution among those having vested interests in or liens on the property. The rights of the parties are fixed at the time of the foreclosure sale, and the rights of a second lienholder are transferred to any surplus'" (Wells Fargo Bank, N.A. v Breuer, 203 AD3d at 1105, quoting NYCTL 1997-1 Trust v Stell, 184 AD3d at 14). "Under New York law, the lien of a junior mortgagee who is made a party to a foreclosure action brought by a senior mortgagee, although cut-off and extinguished as to the land, continues as a lien upon the surplus funds arising from the foreclosure" (NYCTL 1997-1 Trust v Stell, 184 AD3d at 16). "'[U]pon the foreclosure of the first mortgage, the lien of the second mortgage follow[s] the surplus into the hands of the [municipality's] financial officer, and the remedy of the second mortgagee is to enforce his or her claim in the court by whose direction the foreclosure had taken place'" (Wells Fargo Bank, N.A. v Breuer, 203 AD3d at 1105, quoting NYCTL 1997-1 Trust v Stell, 184 AD3d at 15).
Here, the referee correctly determined that Citibank's claim to the surplus funds was not barred by the applicable statute of limitations. "A party asserting a statute of limitations defense bears the initial burden of demonstrating prima facie that an action was untimely" (Wells Fargo Bank, N.A. v Breuer, 203 AD3d at 1105). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "Where, as here, a mortgage is payable in installments, 'separate causes of action accrued for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due'" (Wells Fargo Bank, N.A. v Breuer, 203 AD3d at 1105-1106, quoting Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). "'[O]nce the entire amount of the debt becomes due, either by virtue of the terms of the mortgage or due to an acceleration of the debt, the statute of limitations begins to run on the entire debt'" (Wells Fargo Bank, N.A. v Breuer, 203 AD3d at 1106, quoting Fulton Holding Group, LLC v Lindoff, 165 AD3d 1049, 1052).
The defendant's supporting submissions established that Citibank accelerated the defendant's debt by commencing a 2009 action to foreclose the subordinate mortgage (see Federal Natl. Mtge. Assn. v Bandhu, 214 AD3d 705, 708). Accordingly, the defendant established that the [*2]statute of limitations began to run on Citibank's entire claim in 2009. However, Citibank demonstrated that it had appeared and participated in this action in January 2010 by the filing of a notice of appearance, claim to and demand for surplus monies, and notice of demand for deficiency judgment. Accordingly, all parties to this action were on notice of Citibank's appearance in the foreclosure action, and its claim to the surplus funds was not barred by the statute of limitations (see NYCTL 1997-1 Trust v Stell, 184 AD3d at 15-18; Bennardo v Del Monte Caterers, Inc., 27 AD3d 503, 505; Dime Sav. Bank of N.Y. v Boklan, 1989 WL 35946, *4, 1989 US Dist LEXIS 3794, *10-11 [ED NY, No. CV 86-2664]). Nor is Citibank's claim to the subject surplus funds barred by RPAPL 1301. RPAPL 1301(3) provides that "[w]hile the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, . . . without leave of court in which the former action was brought." An application for surplus monies, derived from the senior mortgagee's foreclosure sale, does not constitute an "action" within the meaning of RPAPL 1301 (see Central Trust Co. v Dann, 85 NY2d 767, 772).
The judgment of foreclosure and sale entered in the plaintiff's favor in this action on December 9, 2015, directed, inter alia, that "each and all of the defendants in this action and all persons claiming under them . . . be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises." Thus, pursuant to its terms, the judgment of foreclosure and sale extinguished the right, claim, lien, and interest that Citibank had in and to the subject property. Citibank, as junior mortgagee named as a defendant in this foreclosure action brought by the senior mortgagee, although cut-off and extinguished as to the land, may enforce its claim against the subject surplus funds arising from the foreclosure (see Wells Fargo Bank, N.A. v Breuer, 203 AD3d at 1105; NYCTL 1997-1 Trust v Stell, 184 AD3d at 16).
Accordingly, the Supreme Court should have granted Citibank's motion to confirm the referee's report and to distribute the subject surplus funds to it.
The defendant's remaining contentions are without merit.
DILLON, J.P., BARROS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court